OF THE STATE OF ARKANSAS.    535

TERM, 1861.]    Pope's heirs et al. vs. Boyd's adx.

POPE'S HEIRS ET AL. VS. BOYD'S ADX.

The statute of non claim has no application to a debt secured by a deed of trust, where the creditor seeks to subject the trust property to the payment of his debt; which he may do,.without authentication and exhibition of his claim to the administrator of the debtor.

Upon the execution of a deed of trust, no estate in the trust property remains in the grantor, (18 *Ark.* 519,) and a purchaser of such property at execution sale against the grantor, acquires no title; and so cannot invoke the aid of the equitable doctrine of contribution by other purchasers of parts of the trust property.

The case of *Lemon's heirs vs. Rector,* (15 *Ark.* 438), that the personal representative, and not the heir, is the proper party in a suit to recover the personal assets of an estate, approved.

*Appeal from Jefferson Circuit Court in Chancery.*

Hon. THEODORIC F. SORRELLS Circuit Judge.

BELL & CARLTON, and GARLAND & RANDOLPH, for appellants.

Did complainants lose their rights under the *Deed of Trust,* and all interest, in the *trust property,* because they did not *"probate a claim"* against the estate of Richard C. Byrd, within two years from the date of administration upon his estate? We think not, most clearly.

It is true, that it has been well settled by the various decisions of this court, upon that subject, that a claim *prosecuted against an estate,* must be presented to the administrator, duly authenticated, within two years from the date of administration, or be *"forever barred."* *Walker as admr. vs. Byers,* 14 *Ark.* 242; *Dawson et al vs. Bennett et al.,* 18 *Ark.* 334.

It is submitted in this case, that there is no prayer for *judgment* or *allowance,* or any thing else as against the *estate of Byrd.* We do not seek a judgment against the administrator of Byrd's

536 CASES IN THE SUPREME COURT

Pope's heirs et al. vs. Boyd's adx. [JANUARY]

estate, or to diminish the assets in any manner whatever, consequently there is no *remedy*, as *against his estate to bar*. *Byrd's administrator is merely a nominal party to the suit*.

No question can arise as to the right of Johnson and wife and John Pope, the complainants, to sue for money due the estate of John Pope, deceased, under the law, as laid down in the case of *Lemon's heirs vs. Rector et al.* 15 *Ark*. 434, because these complainants do not ask or sue for money to be paid directly to them *as heirs*, but ask that the new trustee may receive the money, to be paid out and distributed, under the decree of this court, to such person as the court may direct— either to them or to some administrator *de bonis non*, to be appointed for that purpose.

WATKINS & GALLAGHER for appellees.

The trust never existed, but was neglected and abandoned from the first: therefore, the property was liable to sale on execution against Byrd. 1 *Rob. Va. Rep.* 659.

Statute of non-claim bars the claim of complainant, not only against Byrd's estate but as to the trust property.

Mr. Justice COMPTON delivered the opinion of the court.

On the first day of March, 1852, Richard C. Byrd, who was then indebted to the legal representatives of John Pope, deceased, and others, executed a deed of trust, to secure the payment of said indebtedness, by which he conveyed to Frederick W. Trapnall, as trustee, certain lands, and the following negro slaves; Clarissa, Scott, John, Narcissa and Matilda, together with sundry articles of personalty, other than slaves. Under the provisions of the deed, Byrd was to make payment within five years by fixed instalments, payable annually; and in default of payment, he was to surrender possession of the property to Trapnall, who was authorized and required to sell it for the benefit of the creditors. After the execution of the deed, Trapnall and Byrd died; Trapnall, in June 1853, and Byrd, in June 1854. Previous to the death of Byrd, two of the

slaves, John and Scott, were sold by the sheriff under execution against Byrd, at the suit of a creditor not provided for in the deed of trust, and are now in the possession of Mrs. Boyd, who claims title to them under the sale made by the sheriff.

The bill which was brought by the heirs of John Pope, deceased, and others claiming as beneficiaries, against Mrs. Boyd, Marcus L. Bell as admistrator of Byrd, and others— sought to subject the two slaves, John and Scott, to the payment of the debts secured by the deed of trust, and was, at the hearing, dismissed for want of equity.

Several questions have been raised and argued.

1. The claims mentioned in the bill not having been duly authenticated and presented to the administrator of Byrd, within the time prescribed by law, it is contended for Mrs. Boyd, that they were barred by the statute of non claim. True, it was laid down in *Walker as admr. vs. Byers*, 14 *Ark.* 246, and is now the settled doctrine in this court, that any claim or demand against the estate of a deceased person, capable of being asserted, at law or in equity, against the executor or administrator, must be authenticated by the affidavit of the claimant, as provided by statute, before it can be legally exhibited against the estate, or paid by the representative. But in that case, after laying down the rule as we have stated it, the court said: " To this general rule, however, the statute itself points out one exception—that of a suit pending against any person at the time of his death, which, by law, survives against his executor or administrator, and although this express exception might seem to exclude all other by a common rule of interpretation, there are doubtless other exceptions, as for instance all proceedings on the part of the widow for dower; which are grounded on a right in the property itself, out of which she is to get her estate of dower: proceedings for specific performance of a contract which do not seek to diminish the assets, that the law takes into custody—*scire facias*, to revive a judgment against an executor or administrator, because, such revival does not operate to exhibit the judgment revived, affidavit being

538        CASES IN THE SUPREME COURT

Pope's heirs et al. vs. Boyd's adx.        [JANUARY

nevertheless required, when it might be presented for allowance and classification. Nor need this enumeration of exceptions exclude the idea of other possible cases, that might not interfere with the policy of the statute." '

Looking at the grounds upon which these exceptions stand, as well as at the general rule itself, it would seem to be clear that, within the meaning of the decision in *Walker vs. Byers*, the statute of non-claim has no application whatever to the case now before us. The complainants do not assert their claims against Byrd's estate, or ask any decree against his administrator ; on the contrary, as before stated, and as shown by the frame of the bill, they seek to subject to the payment of their claims the two slaves as part of the trust property, which Byrd, in his life time, conveyed to the trustee for that purpose—thus divesting himself of title to the slaves, and making it impossible to regard their condemnation, after his death, to the payment of the trust debts, as diminishing the assets of his estate. If, instead of proceeding against the trust property, the complainants had proceeded, as, at their option, they might have done, against the estate of Byrd, (*Sullivan vs. Hadley*, 16 *Ark.* 144,) then the statute of non-claim would have been an insuperable obstacle to a recovery—but not so, as to the remedy which the complainants have adopted in this case.

2. It is also insisted for Mrs. Boyd, that the trust property other than she holds, having gone into the possession of several persons, by purchase or otherwise, subject to the provisions of the deed of trust, such persons should have been made parties to the bill; and compelled, individually, to contribute to the extinguishment of the trust debts, in proportion to the value of the interest which each held in the trust property. The principle contended for, is founded in natural justice, and has been in some cases applied by courts of equity, (*Stevens vs. Cooper*, 1 *John· Ch. Rep.* 423); but it can have no application in this case. On the execution of the deed of trust to Trapnall, no such estate, legal or equitable, in the trust property, as was subject to sale under execution, remained in Byrd, the grantor,

(*Crittenden ve. Johnson*, 6 *Eng*. 94 ; *Pettit vs. Johnson*, 15 *Ark* 55; *Biscoe et al. vs. Royston, et al*. 18 *Ark*. 519) ; consequently, Mrs. Boyd acquired no title whatever, under the execution sale, to the slaves, John and Scott, and having no title or interest in them, she is not in an attitude to ask that the equitable doctrine of contribution shall be applied. If the conveyance of Byrd had been a mortgage, Mrs. Boyd would have acquired, by her purchase, Byrd's equity of redemption ; and if she were vested with such an interest in the slaves, then the proposition insisted on, would deserve a more extended examination.

The only remaining objection urged in the court below and insisted on here, is, that in behalf of Pope's estate, the bill should have been prosecuted by an administrator, and not by the heirs. This objection was, we think, well taken, and ought to have been sustained. The facts in this case, are substantially the same as those in *Lemon's heirs vs. Rector*, 15 *Ark*. 438, where, after referring to the general rule, that there can be, regularly, no suit for the recovery of the personal assets of an estate, but by the executor or administrator, who has the right to sue both at law and in equity, as also to the special cases in which this general rule had been relaxed, the court held that the heirs could not maintain the bill.

No ground of defence reaching the equity of the case having been successfully urged, the decree of the Chancellor dismissing the bill for want of equity must be reversed, and the cause remanded with instructions to the court below, to grant the complainants leave to amend their bill so as to bring the proper parties before the court, and to dismiss the bill if they fail to do so.