## McGEHEE vs. BLACKWELL et al.

PLEADING: *When statute of limitation may be interposed on demurrer.*

It is optional, under the fifth clause of sec. 111, Code of Practice, where the cause of action appears upon the face of the complaint to be barred by limitation, to set up such defense, either by demurrer or answer; but if the complaint shows on its face that the cause of action is not barred, when, in fact, it is barred, the defense can only be made by way of answer.

LIMITATIONS: *When vendor assigns note and lien.*

Where the assignee of a note given for the payment of the purchase money of land comes into the possession of the vendor's lien, by virtue of the assignment, he stands in the same condition, as to his remedies and the period of limitation applicable thereto, as the vendor, except the legal title being in the vendor, he cannot bring ejectment; and in an action upon the note, or in an action to enforce his lien, the period of limitation applicable to the former being five years, and to the latter seven years, though his action on the former may be barred, he still has two years longer to bring his action by virtue of the latter.

EQUITY PRACTICE: *When tender of deed, etc., may be dispensed with.*

While, in action at law for the purchase money due, where the consideration is the conveyance of the property sold upon payment of the purchase money, and the covenants between the parties are mutual and dependent, a deed should be tendered, and not merely offered to be tendered, before suit brought, yet, in equitable proceedings, while the rule should ordinarily be observed, the chancellor may, when deemed promotive of the ends of justice, relax or altogether dispense with the rule.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*English, Gantt & English,* for appellant.
*Bell & Carlton,* for appellees.

SEARLE, J. This was an action in equity, brought by the appellant against the appellee, to the November term, 1869, of

the Jefferson circuit court, to enforce a vendor's lien upon certain lands situate in said county, for the balance of the purchase money due thereon.

The material allegations and facts of the complaint, such of them as are necessary in the consideration and disposition of the questions raised in this case, are as follows: That on the 31st of January, 1859, Samuel M. McGehee sold to George L. Blackwell four hundred acres of land, in Jefferson county, and he and his wife executed a bond to Blackwell, covenanting to make him a deed on payment of the notes given for the purchase money; that the purchase money was all paid except one note for $1,398.16, dated on the day of sale, and due on the 1st of January, 1861; that on the 10th of May, 1860, Samuel M. McGehee assigned this note to Thomas F. McGehee, the appellant herein; that by an agreement between Samuel M. McGehee, who acted as agent for Thomas F. McGehee and Blackwell, the latter, on the 23d of April, 1863, paid $362.50, the same being indorsed as a credit on the note; that on the 16th of October, 1866, Blackwell assigned the title bond in blank (as to the name of the assignee), but the assignment was believed to be made to John C. Ward or William G. Hughes or Emily P. Hughes or all of them, and they are made defendants; that on the 24th of January, 1868, the defendants last named conveyed said land to Jesse R. Powell, and he is made defendant; that on the 16th day of April, 1868, the land was sold under execution against Blackwell, and purchased by Abraham Kahn, Isaac Wolf and Isaac McIntyre, and they are made defendants; Samuel M. McGehee and wife are made defendants, as also the two tenants; and all the defendants were duly summoned.

The defendants John C. Ward, William G. Hughes, Jesse R. Powell and George L. Blackwell filed a special demurrer to the complaint, in words and figures as follows, to wit:

1. "That it appears, upon the face of the complainant's bill, that the note upon which he sues is and was, at the time of instituting his said complaint, barred by the statute of limitations, and no facts are stated in the complaint sufficient to remove the bar of the statute.

2. "The plaintiff's complaint does not state facts sufficient to constitute a cause of action, and does not show that a deed has been tendered for the lands, nor the plaintiff's offer to have one made."

The court sustained the demurrer and dismissed the complaint for want of equity; to which the plaintiff excepted, and appealed to this court.

We have two special causes of demurrer set forth in this demurrer, and we will consider them in their order: *First.* As to the bar of the statute of limitations, and here in the outset, the question is suggested, can the defendants, on demurrer, interpose the statute of limitations? This action was brought after the first day of June, 1869, and all questions in relation to the proceedings thereof must be determined by the Code of Practice. See acts of the adjourned session, 1868, of the general assembly, p. 161. Sec. 111 of the Code, provides for what matters demurrers may be interposed. If the interposition, by demurrer, of the statute of limitations is proper under our code, it must be under the fifth clause of sec. 111, which reads as follows: "That the complaint does not state facts sufficient to constitute a cause of action." We see nothing in this clause otherwise than permission, at least, of the use of the demurrer in interposing such bar, where the cause of action appears upon the face of the complaint to be barred; for in such case, there is in law no cause of action alleged. And this, we believe, is in strict analogy with the old chancery practice. The defendant in such cases has option to demur or set up the bar by answer

If he neither demurs nor sets up the bar in his answer, he waives it. So if the complaint on its face shows that the cause of action is not barred, when in fact it is barred, and the defendant should desire to take advantage of such bar, he can do it only by answer. These, we believe, are substantially the rulings of the supreme court of Ohio, under the provisions of the practice of that state, very similar to the provisions of sec. 111 of our Code. *Sturges et al. v. Burton et al.,* 8 Ohio St., 219. See also *Suflitte v. Tinney,* 9 Cal., 423 ; *Barringer v. Warden,* 12 id., 311 ; *Smith v. Hall,* 19 id., 85 ; *Smith v. Richmond,* 19 id., 476 ; *Ord v. De La Guerra,* 18 id., 67 ; *Grattan v. Wiggins,* 23 id., 16 ; *Wisener v. Barrett,* 4 Wash. C. Ct., 631 ; *State v. Bird,* 22 Mo., 470 ; *Nair v. Lott,* 25 id., 182 ; *Maxwell v. Kennedy,* 8 How. (U. S.), 210.

We come now to consider the principal question presented by the first special cause of demurrer, namely : Does the complaint show, upon its face, that the cause of action was barred by the statute of limitations ? The above facts, as set forth in the statement of the case, are admitted by the demurrer to be true, and by them it must be determined whether or not the cause of action was barred.

The vendor of the land in controversy, having retained the legal title to the same in himself, and having merely executed a bond for title to the vendee, covenanting to make him a deed when the purchase money was paid, stood in the same attitude as to his rights and remedies, as though he had absolutely deeded the land to the vendee and taken a mortgage back from him to secure the payment of the purchase money due. Had he retained possession of the note and his lien upon the land, he would have had three remedies, namely : one by an action of law upon the note; the second, by an action at law for the possession of the land (called ejectment under the old practice), in order to obtain the rents and profits thereof, for

the payment of the debt, and the third, by an action in equity to enforce his lien and subject the land to the payment of the debt. And all these remedies he could have pursued at the same time, or either one of them, at his option, until he obtained satisfaction. Now, since the remedies would have been the same as in the case of a mortgage, we apprehend the periods of limitation applicable to the remedies would have been the same. Hence, in an action upon the note, without reference to the lien, the limitation of five years, applicable to such instruments, would have been the bar. Gould's Dig., ch. 106, sec. 15. In an action for possession, etc., the limitation of seven years would have been the bar. Gould's Dig., ch. 106, sec. 2. In an action to enforce a lien, etc., seven years, likewise; such limitation being the period judicially ascertained as applicable in such cases by analogy to the statute of limitation in cases of ejectment, or for possession, in the absence of any statutory provisions in relation thereto.

But the appellant, in this case, having come into the possession of the lien by the assignment of the note to him must stand in the same condition, as to his remedies and the periods of limitation applicable thereto, as the vendor, had he retained possession of the note and lien, with this exception, that as his lien rests upon the legal title to the land in the vendor and not in himself, he could not maintain an action for the possession thereof. From the above observations, we deduce the conclusion that the appellant had two remedies; one upon his note, and the other by virtue of his lien, and that, while the limitation, applicable to the former, was five years, the limitation applicable to the latter was seven, and that, though his action upon the former may be barred, he could have two years longer to bring his action by virtue of the latter. *Smith et al. v. Robinson,* 13 Ark., 533; *Moore et al. v. Anders,* 14 id., 628; *Sullivan v. Hadley et al.,* 16 id., 144; *Ewell*

*et al. v. Tidwell, Ex'r*, 20 id., 136; *Guthrie v. Field*, 21 id., 379.

In the case we are considering, the note and lien created by the contract of sale, matured January 1, 1861, and the action was instituted on the 3d of September, 1869, from which it appears that a period of more than seven years intervened between the accrual of the cause of action and the institution of this suit thereupon. Hence, the cause of action was barred, unless the complaint discloses facts sufficient to remove the bar. And this question we are now prepared to consider.

The complaint alleges that by virtue of a certain agreement entered into by Samuel M. McGehee, who was agent for Thomas F. McGehee and Blackwell, the vendee, and one of the demurrants herein, the latter made a payment on the note, on the 23d of April, 1863, and agreed in writing to make an additional payment, which he failed to do. The date of this payment formed a new point from which the limitation began to run anew. *Ringo v. Brooks*, 26 Ark., 540, and authorities there cited. Seven years had not elapsed from the date of this payment to the time of filing the complaint. The action, therefore, was not barred as to Blackwell, and the defendants who held the land under him, by the assignment of the title bond, on the 16th of October, 1866, could stand in no better condition than he. Among those who so held under him, were the other three demurrants, namely, Ward and Hughes, to whom and Emily P. Hughes, the title bond was assigned, and Powell, who purchased the land from Ward and William G. and Emily P. Hughes.

The second cause of demurrer is, that the complaint does not show or allege that a deed was tendered for the land; or that the plaintiff offered to have one made.

That a deed must be tendered, not merely offered to be tendered, before action brought, in suits at law for the pur-

chase money due, where the consideration is the convey-
ance of the property sold upon payment of the purchase
money, and the covenants between the parties are mutual and
dependent, and that such tender must be alleged in the com-
plaint, and if denied by the answer, proved by the evidence
upon the trial, are rules well established and of general appli-
cation. The reason for these rules is manifest and substantial.
In such suits, if the plaintiff recover judgment for the pur-
chase money, it must necessarily, from the nature of the tri-
bunal, be unconditional or without terms. But the reasons for
these rules, in actions at law, do not apply in actions in equity;
for in the latter actions the court has full power to protect the
vendee and to make the execution and deposit of a deed in
the court a condition precedent to the enforcement of the
decree, or to the rendering of the decree, or even to the hear-
ing of the cause upon its merits; besides, the court has full
power over the question of costs, and is justified in awarding
any costs against the plaintiff which might have been avoided
by a prior offer to perform on his part.

The foregoing, we think, are reasons sufficient to show that
those rules in equitable suits should be relaxed or even dis-
regarded altogether, according as the chancellor might find
most promotive of the ends of justice. Nevertheless, the
plaintiff should ordinarily, both before and upon bringing his
action, observe them. But failing to observe them, he may
be liable, as above hinted, for costs, even though successful in
his suit.

In the case at bar, the deed, after demurrer interposed, was
tendered in open court. Thus it seems that the plaintiff was
not only willing and able to perform, but he performed his
part of the contract, under the eye of the court; while, on
the other hand, the defendants refused to perform their part of
the contract and accept the deed, thereby putting themselves

3

in default. Now, though the complaint did not allege a prior tender, or cause a prior offer to tender, we think it would not comport with equity to drive the plaintiff out of court remediless under such circumstances; and especially since the circuit court has it in its power to award any costs accruing in the case against him for his dereliction before bringing his action. The tender in open court was sufficient, and the want of the allegation in the complaint of a tender or offer to tender was no ground of demurrer.

In fine, we are of opinion that the complaint states facts sufficient to constitute a cause of action, and that the circuit court erred in sustaining the demurrer; and, for this error, the decree is reversed and the cause remanded to be proceeded in according to law and not inconsistent with this opinion.