## MUELLER v. LIGHT.

### Opinion delivered November 29, 1909.

1. LIMITATION OF ACTIONS—DEMURRER RAISING DEFENSE.—The defense of the statute of limitations may be interposed by demurrer in equity where the cause of action appears upon the face of the complaint to be barred, and does not disclose facts sufficient to remove such bar. (Page 525.)

2. SAME—MORTGAGES.—If the debt which a mortgage is given to secure is barred, then, under Kirby's Digest, § 5399, the right to foreclose or enforce the mortgage is also barred. (Page 526.)

3. SAME—STATUTE APPLICABLE TO MORTGAGE DEBT.—Under Kirby's Digest, § 5399, providing that in suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given, *held,* that where the mortgagor dies before the statute bar of five years applicable to the mortgage note has attached, the statute of limitation which applies to the mortgage is the statute of nonclaim. (Page 528.)

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Huddleston & Taylor* and *W. W. Bandy,* for appellant.

The statute of non-claim has no application to a debt secured by a deed of trust. 22 Ark. 535. Payment by an administrator of an unprobated debt of his decedent which is secured by mortgage will not arrest the running of the statute of limitations unless there was no order of the probate court authorizing such payment. 65 Ark. 1. The law presumes that every man does his duty until the contrary is shown. 25 Ark. 311. The statute of limitations does not afford a bar to proving a claim against a fund in court. 31 Ont. 495; 19 Pa. Super. Ct. 379.

*Block & Kirsch* and *Johnson & Burr,* for appellee.

The note was barred by the statute of non-claim. 84 Ark. 238; 105 S. W. 255; 73 Ark. 45; 68 Ark. 449. The statute of non-claim applies to all claims subsisting against a decedent at the time of his death, whether matured or unmatured. Kirby's Dig., § 110; 18 Ark. 334; 113 U. S. 449; 14 Ark. 246. A payment made by an administrator or executor does not stop the statute from running because it does not amount

to a promise of the debtor to pay the balance. 58 Mo. 90; 4 Fla. 481.

HART, J. The statement of the case made by counsel for appellant is adopted.

This is an appeal from the action of the chancery court of Greene County in sustaining the demurrer of defendants to plaintiff's complaint. The allegations of the complaint are substantially as follows:

On the 29th day of May, 1900, H. W. Glasscock executed and delivered to the plaintiff a note payable two years after date, secured by mortgage on certain lands in Greene County. On February 25, 1901, H. W. Glasscock died intestate, and on March 9 following M. F. Collier was appointed his administrator. The said mortgage did not correctly describe the lands which H. W. Glasscock and the plaintiff intended should be given as security for the payment of the note. One hundred and sixty acres of land were affected by this mistake, it being described as the northeast quarter of a section, instead of the northwest quarter.

In February, 1905, a partition proceeding was instituted by some of the heirs of H. W. Glasscock, in pursuance of which the lands correctly described in the mortgage, together with that intended to be described, as well as other lands, were sold to A. H. Glasscock, son of H. W. Glasscock, on April 14, 1906. The terms on which the sale was made do not appear in the complaint. During the pendency of the partition proceeding, the court ordered that all parties having any liens against said lands be made parties to the suit, but as to the plaintiff in the case at bar the order was never complied with; he was never given any notice of the proceeding.

Only one payment has been made on the note, which was on November 9, 1905, by A. H. Glasscock, acting under orders and directions and as agent of the said M. F. Collier, administrator.

There was an attempted sale of the property described in the mortgage by exercise of the power of sale therein contained on the first day of July, 1905. The purchaser at this sale assigned a certificate of purchase to the plaintiff as security for the purchase money. This sale was invalid on account of incorrect

description of the lands in the notice of sale, they being described as being in township 18, instead of township 17. Plaintiff still holds the certificate of purchase executed at the time of the sale.

On a day which appears blank in the complaint the plaintiff executed to A. H. Glasscock, who made the payment on the note as above set out, his quitclaim deed, conveying to Glasscock all his right, title and interest in and to the property which was properly described in the mortgage—that is to say, all the real estate described in the mortgage except the one hundred and sixty acres, which was incorrectly described.

The purchase money of the lands sold in the partition proceeding has been paid into the hands of the defendant G. O. Light as commissioner of the court, and there remains in his hands, as the share of certain heirs of H. W. Glasscock now claiming a superior right to the same over plaintiff, more than sufficient to pay the balance due on the note. The interest of these heirs in the estate of H. W. Glasscock is three-tenths, he having left five children. Two of them, Frank Glasscock and Jennie Hays, afterwards died, leaving issue. In a divorce decree in favor of J. N. C. Glasscock against her husband, the said Frank Glasscock, before the latter's death, it was provided that he should retain title to one-half of his one-fifth interest in the estate of his father, and that title to the other half of the said fifth should vest in the said J. N. C. Glasscock and all the children of the parties to the divorce proceeding except one. J. N. C. Glasscock and the children thus favored are defendants here, as are also the children of Jennie Hays, whose interest in the estate was one-fifth.

The prayer of the complaint is for a decree correcting the mortgage, so that the same will conform to the intention of the parties at the time of its execution and read "northwest quarter of section fifteen," instead of "northeast quarter of section fifteen," that said mortgage be foreclosed, that plaintiff have judgment against defendants for the balance of his note, and that the same be decreed a lien upon the funds in the hands of G. O. Light, commissioner; or, if this be not done, then that the court ascertain what sum the said northwest quarter of section fifteen brought at said partition sale, and that his judgment be decreed a lien upon said funds.

To this complaint defendants filed their demurrer, setting up their grounds therefor in five paragraphs, as follows:

"1. That said complaint does not state facts sufficient to constitute a cause of action.

"2. That said complaint shows on its face that it is barred by the statute of limitations of five years.

"3. That said complaint shows upon its face that the note of H. W. Glasscock, deceased, was dated May 29, 1900, and that the same bore no credits of payment made by H. W. Glasscock or his administrator, made and paid under proper orders of the probate court.

"4. That said complaint shows upon its face that said note is long since barred by the statute of nonclaim.

"5. That said complaint shows upon its face that the defendant G. O. Light is a commissioner of this court, and that the fund sought to be impounded herein is still in his hands as such commissioner, appointed by the court in the case of Mabel Clare Glasscock v. A. H. Glasscock and others, defendants, and that said Light is still acting in such capacity, under the orders of the court duly made therein."

The court sustained the demurrer, and dismissed the complaint, plaintiff saving exceptions.

The decision of the chancellor was correct. One of the grounds of demurrer is that the complaint shows on its face that it is barred by the statute of limitations.

Can the defendant on demurrer interpose the statute of limitations in equity? In the case of McGehee v. Blackwell, 28 Ark. 27, the court said: "Sec. 111 of the Code provides for what matters demurrers may be interposed. If the interposition by demurrer of the statute of limitations is proper under the Code, it must be under the fifth clause of section 111, which reads as follows: 'That the complaint does not state facts sufficient to constitute a cause of action.' We see nothing in this clause otherwise than permission, at least, of the use of the demurrer in interposing such bar, where the cause of action appears upon the face of the complaint to be barred; for in such case there is in law no cause of action alleged. And this, we believe, is in strict analogy with the old chancery practice."

In equity, when the complaint shows on its face that the

cause of action is barred by the statute of limitations, and does not allege facts sufficient to remove the bar, the plea of the statute of limitations may be interposed by demurrer. This rule is announced and approved by all text writers on equity pleading and practice. See also *McGehee* v. *Blackwell, supra.*

The complaint shows on its face that the cause of action was barred, and it does not disclose facts sufficient to remove the bar. Section 5399 of Kirby's Digest reads as follows: "In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given." Then follows a proviso which is not pertinent to the issues involved in this suit.

In the case of *American Mortgage Company of Scotland* v. *Milam,* 64 Ark. 305, the court said: "Under this statute (referring to the one quoted) suits in equity to foreclose, as well as suits at law for the possession of the property mortgaged, must be brought within the period of limitation for a suit on the debt which the mortgage or deed of trust was given to secure. The purpose of the Legislature was, simultaneously with the barring of the debt, to extinguish every remedy under the mortgage or deed of trust securing it."

It is insisted that the period of limitation referred to, both in the statute and in the language of the decision *supra,* means the statute of limitation applicable to the debt had the mortgagor lived; and that it is not affected by the statute of nonclaim after his death.

In support of their contention they cite the cases of *Hall* v. *Denckla,* 28 Ark. 506, and *Pope's Heirs* v. *Boyd,* 22 Ark. 535. But these cases were decided before the statute in question was enacted, and with reference to the law as it then existed. The decisions of the court since the passage of the act are to the effect that, if the debt would be barred regardless of the mortgage, then the right to foreclose or to enforce the mortgage is also barred.

In the case of *Salinger* v. *Black,* 68 Ark. 449, the court, in discussing the statute with reference to the foreclosure of a mortgage, said: "The debt secured by the mortgage in this

case was evidenced by promissory notes, and the period of limitation within which the statute provides actions shall be brought on promissory notes is five years after the cause of action shall accrue. But if the maker of promissory notes shall die before an action upon the notes be barred, and letters of administration are granted upon his estate, the five-year statute ceases to run as to him, because, under the law, it is displaced at once by the two years' statute of nonclaim, which runs against all subsisting claims against the estate not barred, not from the accrual of the cause of action, but from the grant of letters upon his estate. In the case at bar the promissory notes secured by the mortgage were not barred by the statute of limitation at the death of Saul Salinger, their maker, and were duly probated within the time prescribed by the statute. After this no statute of limitation ran against them until after the close of the administration of the estate of the deceased, which was open at the commencement of this suit."

Again in the case of *Ross* v. *Frick Company,* 73 Ark. 45, which was a suit to foreclose a mortgage where one of the notes for which the mortgage was given to secure was due before, and the other after, the death of the mortgagor, the court said: "When Ross died, the statute of limitations ceased to run against the notes, and was succeeded by the two years' statute of nonclaim, which runs from the grant of letters of administration, and none were granted upon the estate of Ross before the commencement of this suit."

In the case of *McGill* v. *Hughes,* 84 Ark. 238, the court said: "In this case five years after the right of action accrued was the time within which the law provides that action upon the note should have been commenced. The right of action accrued on the first day of January, 1900, and was barred on the first day of January, 1905, unless the time for bringing the same was extended by payments or the death of McGill. He died before the expiration of the five years, and the statute of limitation then ceased to run against the note and mortgage, and was succeeded by the two years statute of nonclaim, which ran from the grant of letters of administration to Plumlee in January, 1905. The note and mortgage continued in full force and effect for two years after that day, or until they were paid or satis-

fied. *Ross* v. *Frick Co., 73* Ark. 45. The decree of the mortgage was rendered on the 20th day of February, 1906, within two years. They were not barred."

The effect of these decisions is to hold that, if the debt which the mortgage is given to secure is barred, then the right to foreclose or to enforce the mortgage is also barred.

In the case of *Ross* v. *Frick Co., supra,* Ross, the mortgagor, died on June 14, 1885. One of the notes which the mortgage was given to secure became due April 1, 1885, and the other, August 1, 1885. No payments had been made on the notes. The suit was commenced on the 20th of November, 1890. The notes had not been probated against the estate of Ross; for letters of administration had not been granted when the suit to foreclose was commenced. If the statute of five years, unaffected by the statute of nonclaim, governs, it is evident that the court would have held that the right to foreclose was barred.

In the case of *McGill* v. *Hughes, supra,* the record does not disclose that the notes were probated against the estate of McGill, and it affirmatively showed that no payments had been made on the notes. Therefore, if the period of limitations of five years, unaffected by the statute of nonclaim, governs, the court would have held that the right to foreclose was barred. This view is borne out by the decision in the case of *Salinger* v. *Black, supra.* If the period of five years, unaffected by the statute of nonclaim, governs, the court would not have held that the time to foreclose the mortgage was extended by the probation of the claim within the two years after grant of letters of administration upon the mortgagor's estate to the time in which the debt itself would have been barred had no mortgage been given to secure it.

It is not necessary to probate the evidence of debt against the estate of the decedent, for the reason that the mortgagee has the absolute right to satisfy his debt out of the mortgaged property; but he must do this within the period of time which the law allows him to proceed against the debtor, or against his estate, had no mortgage been given. In other words, the statute fixes the lapse of time which shall bar a suit to foreclose a mortgage, the same as upon the evidence of debt for

which it is given to secure. In short, when the debt is barred, the right to foreclose the mortgage is barred.

The complaint alleges that H. W. Glasscock, the maker of the note which the mortgage in question was given to secure, died on February 25, 1901, and that on March 9, following, M. F. Collier was appointed administrator of his estate; but it does not disclose that the note was probated against his estate within two years after grant of letters of administration upon his estate. The present suit was instituted on May 15, 1908.

It necessarily follows from the views we have expressed that plaintiff's right to enforce his mortgage is barred. Having reached this conclusion, it is useless for us to consider the other special causes of demurrer.

We find no error in the record, and the decree will be affirmed.

McCULLOCH, C. J., (dissenting). The complaint alleges a payment by the administrator within the five-year period of limitation. If the payment was not authorized by an order of the probate court, this could have been pleaded by answer, but the complaint was good on demurrer, for, from the allegation that the payment was made by the administration, it should be inferred, in testing the sufficiency of the complaint on demurrer, that the alleged payment was an authorized one.

The mortgage debt matured May 22, 1902; Glasscock, the debtor, died February 25, 1901; payment was made by the administrator November 9, 1905, and this action was commenced May 15, 1908. The action was not barred by the five-year statute of limitations.

I do not think the statute of nonclaims operates to bar a right of foreclosure which is not barred by the general statute of limitations. We have held that, on the death of a mortgage debtor, the statute of nonclaims displaces the general statute of limitations for the purpose of extending the period within which suits to foreclose a mortgage may be instituted. *Salinger* v. *Black,* 68 Ark. 449; *Ross* v. *Frick Co.,* 73 Ark. 45; *McGill* v. *Hughes,* 84 Ark. 238. But it is an entirely different question as to whether the statute of nonclaims operates for the purpose of shortening the period within which a mortgagee is given under the gen-

eral statute of limitations to foreclose his mortgage. Prior to 1889 the statute of limitations as to an action on the debt secured by a mortgage on land had no application to an action to foreclose a mortgage, and seven years' adverse possession of the mortgaged lands was necessary to bar an action to foreclose. *Ringo* v. *Woodruff,* 43 Ark. 469. This court had also held that "the statute of nonclaims has no application to a debt secured by a deed of trust, where the creditor seeks to subject the trust property to a payment of his debt, which he may do without authentication and exhibition of his claim to the administrator of his debtor." *Pope's Heirs* v. *Boyd,* 22 Ark. 535.

In this state of the law, the Legislature enacted the statute of March 25, 1889, which provides that "in suits to foreclose or enforce mortgages or deeds of trust it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given."

It is evident to my mind that the Legislature, in passing this statute, had reference to the general statutes of limitations, and not to the statute prescribing the time within which claims against the estates of deceased persons must be probated. It is by this court—and correctly, I think—held in the cases just cited that, as the statute of nonclaims keeps alive a debt not barred at the time of the death of a debtor, it also keeps alive the right of action to foreclose the mortgage, notwithstanding it would be barred by the general statute of limitations. But it should not be held that the statute of nonclaims shortens the time which a mortgage may be foreclosed under the general statutes of limitation, when it is evident that the Legislature did not in the act of 1889 have any reference to the statute of nonclaim.