FAYETTEVILLE BUILDING & LOAN ASSOCIATION *v*. BOWLIN.

Opinion delivered March 20, 1897.

LIMITATION—MORTGAGE DEBT—CONSTRUCTION OF STATUTE.—The statute providing that when any payment is made on any existing mortgage indebtedness before it is barred by the statute of limitation, it shall not operate to revive said debt, or to extend the operation of the statute of limitations, unless the mortgagee shall, prior to the expiration of the statutory period, indorse a memorandum of such payment with date thereof on the margin of the record of the mortgage (Sand. & H. Dig., § 5094), is prospective in operation, and does not apply to payments made before passage of the act. (BATTLE, J., dissents.)

Appeal from Washington Circuit Court in Chancery.

EDWARD S. McDANIEL, Judge.

STATEMENT BY THE COURT.

Appellee, The American Baptist Home Mission Society, held a note of the First Colored Baptist Church, of Fayetteville, executed through its trustees on 22d day of April, 1886, for $300, due one year after date. The note was secured by a mortgage on the land· in controversy, which mortgage was duly recorded on the 1st day of July, 1886. On the 9th day of July, 1889, the said church, through its trustees, executed to appellant building and loan association a deed of trust on the land in controversy to secure appellant in the sum of $500. This deed of trust was duly recorded on

the 15th day of July, 1889.   Afterwards, default being made, said land was duly sold, under the power contained in said deed of trust, to appellant, who, upon the deed thus obtained, brought suit in ejectment for the land in controversy against the church and certain of its trustees.

Appellee, the American Baptist Home Mission Society, filed its interplea, claiming the property under its mortgage, asking for a transfer to equity, a foreclosure of its mortgage, etc.   The cause was transferred to equity.

The court found " that payments had been made on the indebtedness to appellee from December 16, 1886, to March 26, 1891, but that none of said payments had been indorsed upon the margin or elsewhere of the record of said mortgage.   The court found that there was still due on said note and mortgage $351.30, and that the said mortgage of interpleader (appellee) was prior in time and superior to that of the building and loan association (appellant), and accordingly rendered a decree in favor of appellee.

*E. B. Wall* for appellant.

The interpleader was barred by the act of March 25, 1889.   The case of *Duke* v. *State*, 56 Ark. 460, was based on a different statute, that of March 31, 1887.

Wood, J., (after stating the facts.)   The only question presented is the construction of the act of March 25, 1889, which is as follows :   "In suits to foreclose or enforce mortgages or deeds of trusts, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. *Provided*, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate

to revive said debt or to extend the operations of the statute of limitations with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or .beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk." Sand. & H. Dig., sec. 5094.

"In all cases in existing mortgages where the debt or liability would be barred by the terms of this act, or where the debt or liability exists* would be barred in less than one year from the date of this act, the party in whose favor said debt or liability exists shall be allowed one year from the date of the passage of this act to bring an action to enforce the same." *Ib.* sec. 5095.

"It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." Cooley, Const. Lim. 455. "The reason for the rule," says Mr. Black, "is the general tendency to regard retrospective laws as dangerous to liberty and private rights, on account of their liability to unsettle vested rights or disturb the legal effect of prior transactions." Black, Interp. Laws, sec. 103, p. 251.

The language of the act shows that the payments that were to be indorsed on the margin of the record were payments made after the passage of the act. Had the legislature designed this provision to apply to past payments, as well as future, they would doubtless have said " when any payment is made, or any payment already made," etc. Had such been the purpose of the legislature, it would not have been difficult to use apt

---

*This word "exists" in the statute seems to be superflous. (Reporter).

words to express it. Black, Interp. Laws, sec. 103.
The language of the act shows that it was intended to
apply to existing mortgages.

The note to appellee which the mortgage was given
to secure, if unsealed, being executed April 22, 1886,
would not have been barred until five years thereafter,
had no payments been made on same. But the court
found "that payments had been made from December
16, 1886, to March 26, 1891." Under this general
finding we must conclude, to uphold the decree, that
payments were made on the debt 'before the passage of
the act which kept said debt alive until the interplea
was filed. The interplea was filed on the 24th day of May,
1893, so that a payment made on the note any time
after the 24th day of May, 1888, up to the time of the pas-
sage of the act of March 25, 1889, although not indorsed
on the margin of the record of the mortgage, would
have kept the debt, and hence the mortgage, from being
barred by the statute when the interplea was filed.

Affirm the decree.

BATTLE, J. dissents.