BEAVERS *v.* MYAR.

Opinion delivered June 30, 1900.

VESTED RIGHTS—EFFECT OF SUBSEQUENT LEGISLATION.—Rights vested under
    act of April 13, 1893, curing execution or acknowledgment of convey-
    ances of homesteads by married men which were defective under act of
    March 18, 1887, were not divested by act of April 19, 1899, repealing
    the act of 1893.  (Page 335.)

Appeal from Ouachita Circuit Court in Chancery.

CHAS. W. SMITH, Judge.

### STATEMENT BY THE COURT.

Plaintiff, Henry W. Myar, filed his complaint in the Oua-
chita circuit court, wherein he alleged "that on the 22d day of
January, 1890, the defendant executed and delivered to Henry
Berg, as trustee, his certain deed of trust, conditioned for the
payment of a certain note on the first day of November, 1890,
and for securing the said Henry Myar for any advances he

might make to the said W. C. Beavers. Said deed of trust was given on the following lands, to-wit: East half southwest quarter, southwest quarter northwest quarter, and west half southeast quarter northwest quarter, section 27, township 11 south, of range 18 west. The plaintiff sold and delivered to the defendant goods, wares, and merchandise to the value of $56.78. That no part of said indebtedness has been paid, and the same is now past due. That plaintiff has demanded payment, which has been refused." A copy of the deed of trust was attached as an exhibit, and there was a prayer for payment of $56.78, and the appointment of a special commissioner to sell the land and apply the proceeds to the payment of plaintiff's debt.

To this complaint defendant filed an answer, in which he says: "That it is true he gave the mortgage to Henry Berg as trustee to secure H. W. Myar in the sum of $56.78, on January 22, 1890, on the east half southwest quarter, southwest quarter northwest quarter, and west half southeast quarter of northwest quarter, in section 27, township 11 south, range 18 west, in Ouachita county, Arkansas, but he further states that at said time he was a married man and the head of a family, and lived and resided on said land as a homestead; that he still resides on said land, and that it was at the time said mortgage was given his homestead, and still is, and that his wife never joined in the execution of said mortgage, and that the same is void."

The plaintiff demurred to this answer, alleging as grounds that the facts set up therein were not sufficient to constitute a valid defense to his complaint. The court sustained the demurrer, and, the defendant electing to stand on it, and refusing to further plead, there was a decree for plaintiff for his debt, and an order of sale of the land.

On January 14, 1899, the defendant prayed an appeal, which was granted by the clerk of this court.

*Thos. W. Hardy,* for appellant.

The deed of trust was invalid, by reason of the failure of the wife of the mortgagor to join in its execution. Sand. & H. Dig., § 3713; 57 Ark. 242. The deed of trust was not cured

by the act of 1893 (Sand. & H. Dig., § 743). *Cf.* 44 Ark. 372. This act is repealed, so far as it applies to mortgages and deeds of trust. Acts 1899, p. 214. Hence the validity of the deed of trust here is governed by Sand. & H. Dig., § 3713. 43 Ark. 420; 44 Ark. 365; 48 Ark. 183; Cooley, Const. Lim. §§ 468–9.

*Thornton & Thornton*, for appellee.

The act of 1899 is prospective only. 6 Ark. 484; 63 Ark. 573; Cooley, Const. Lim. 411; 112 U. S. 539; Wade, Ret. Laws, § 34; Endlich. Int. St. § 271; Black, Int. Laws, 257. The legislature cannot impair existing contracts. 27 Ark. 26; Cooley, Const. Lim. 354–5, 450; 10 Ark. 195; 49 Ark. 192; 63 Ark. 563; 5 Ark. 217; 7 Johns. 477; Smith's Comm. 903; 24 Ark. 483; 44 Ark. 280; *ib.* 350; 63 Ark. 157; 1 How. 143; 41 Ia. 48; 11 Wis. 440; 29 S. W. 450; Suth. Stat. Const. 48, 480; 62 Miss. 510. There can be no vested right to do wrong. Cooley. Const. Lim. 471; 43 Ark. 425.

HUGHES, J., (after stating the facts.) Section 1 of the act of March 18, 1887, provided that "no conveyance, mortgage or instrument affecting the homestead of any married man shall be of any validity unless his wife joins in the execution of such instrument and acknowledges the same." The mortgage or deed of trust involved in this case was void under this act, and this is conceded by appellant. But the act of the 13th of April, 1893, provides "that all deeds, conveyances, instruments of writing affecting, or purporting to affect, the title to real estate, which have been executed since the 18th day of March, 1887, and which are defective or ineffectual by reason of section 1 of an an act entitled 'An act to render more effectual the constitutional exemption of homesteads,' approved March 18, 1887, be, and the same, and the records thereof, are hereby declared as valid and as effectual as though said act had never been passed." Section 743, Sand. & H. Dig. This cured and made valid and effectual the deed of trust under consideration, it having been made prior to the act of April 13, 1893, and subsequent to the act of March 18, 1887. Under the act of April 13, 1893, the appellee's rights under the trust deed vested, and could not be

divested by subsequent legislation. Therefore the act of April 19, 1899, repealing the act of April 13, 1893, did not have the effect to divest the rights of the appellee, which vested under the said act of April 13, 1893. An act of the legislature will not be construed to have a retroactive effect, if susceptible of any other construction. *Oouch* v. *McKee*, 6 Ark. 484; *Fayetteville B. & L. Assn.* v. *Bowlin*, 63 Ark. 573; Cooley, Constitutional Lim. (4th Ed.) 411, and cases cited. "Rights conferred by statutes are determined according to the law which was in force when the right accrued, and are not in any manner affected by subsequent legislation." *Porter* v. *Hanley*, 10 Ark. 195; *St. L. I. M. & S. Ry. Co.* v. *Alexander*, 49 Ark. 192; Wade, Retroactive Laws, § 34. The legislature possesses no power to divest legal or equitable rights previously vested. *Brown* v. *Morison*, 5 Ark. 217; *Dash* v. *Van Kleeck*, 7 Johns. 477.

Affirmed.