TAYLOR v. CLARK.

Opinion delivered February 11, 1905.

BUILDING AND LOAN ASSOCIATION—BORROWER'S ACCOUNT.—On foreclosure of a mortgage given by a borrowing member of an insolvent building and loan association, such member should be credited with interest and any premiums or bonus paid by him, but not with dues paid either on stock pledged to secure the payment of the premium or on stock pledged to secure the advancement; the rule being that as to all stock he must await the period of final distribution. *Hale* v. *Phillips*, 68 Ark. 382, followed.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

This is the second appeal in this cause. The opinion on the first appeal is found at page 612 of 69 Ark., (*Clark* v. *Taylor*). where the facts are fully stated. On the former appeal we said: "The questions involved in this case, except as to the rate of interest, seem to have been determined in the recent case of *Hale* v. *Phillips,* 68 Ark. 382." When the cause was tried the last time, the chancellor found "as a matter of fact that the stock payments made by defendant Mary L. Taylor to plaintiff association were $1,764, of which $882 were installment stock payments, and $882 premium payments." The court announced that, "inasmuch as no premium payments seem to have been allowed in the case of *Hale* v. *Phillips,* the court construes the opinion in that case as applicable to this case in the disallowance of said premium payments." The court rendered a decree foreclosing the mortgage, but refused to deduct from the amount found due on the mortgage the sum of $882, the amount found to be premium payments, and from this refusal this appeal was taken.

*Wood & Henderson,* for appellant.

What is paid as premium for a loan by a borrowing stockholder must be credited on his loan in the settlement of the affairs of an insolvent building and loan association. 54 N. E. 444; 8 Ballard, Real. Pr. § 587; 94 Fed. 592.

*Hill & Brizzolara,* for appellee.

Appellant was not entitled to a credit of premium paid. 68 Ark. 382; 62 Ark. 572; 77 N. W. 1010; 54 Ga. 98; 42 N. J. L. 635.

WOOD, J., (after stating the facts.) Was appellant entitled to credit on her mortgage debt for the sum of $882, the amount paid by her as dues on "premium stock?" is the only question presented by this appeal. The chancery court was correct in its conclusion that, under the decision in *Hale* v. *Phillips,* 68 Ark. 382, such credit could not be allowed. The receiver seeks to recover only the amount of the debt or advancement. He does not seek to recover any part of the premium. As was said in

*State, etc., Association* v. *Hornbacker,* 42 N. J. L. 635 : "The stock is a collateral security for, and not a credit on, the bond." The dues are not paid on the amount of the debt and premium covered by the bond, but they are paid on stock.

This court agrees with the Supreme Court of North Dakota, that there is no reason in law or equity "why the same rule must not apply to payments made upon stock that is pledged to secure the payment of premiums" as to that pledged to secure the advancement. *Hale* v. *Cairns,* 77 N. W. 1010.

In *Hale* v. *Phillips,* 68 Ark. *supra,* Judge BATTLE said: "What we have said of dues does not apply to interest and premiums actually paid. The latter were paid solely on account of the advance. The member who paid the same did so in consideration of the complete execution of his contract with the association. That consideration, by reason of the insolvency of the company and consequent proceedings, has failed, and he, as to the advance, has become a borrower, whose debt therefore is due, and the interest and premium paid should be credited to him on such debt." This language certainly does not mean that the borrower would be entitled to dues paid on stock pledged to secure the payment of premium, but rather to any bonus or premium which had been actually bid and paid. For if it means that the borrower should be credited with the dues that had been paid on premium stock, it would be in conflict with that part of the opinion which held that "in the equitable adjustment of the rights of all parties made necessary by the insolvency of the association, he should be credited with the whole of the 60 cents per share per month."

The stock pledged to secure premium and advancement is released when the association becomes insolvent, and the advancement with interest is paid on his account as shareholder, and not as borrower. But there is no inconsistency in the opinion. In *Hale* v. *Phillips,* as well as in this case, the association, by suing for only the amount of the advancement, virtually credited the borrower with the amount bid by him as a premium. *Weir* v. *Granite State Prov. Ass'n,* 38 Atl. 643. For the bond and mortgage called for twice the amount for which suit was brought, i. e. for the amount of the advancement and also the premium bid. So, suing only for the advancement was tantamount to crediting the borrower with the premium.

The borrower has then paid his debt, and owns all the stock that was pledged to secure it. He then stands on the same footing as the nonborrower who holds an equal number of shares of stock in the association. Both have all along paid the same dues. These dues have been paid for the purpose of maturing the stock. The dues are installment payments on stock, and a member who borrows, as well as the one who borrows not, must share alike in all the losses and profits, and the value of the shareholders' stock can only be determined when the affairs of the association have all been wound up. But the share of the member who borrowed is, at the period of final distribution, worth just as much as the share of the member who did not borrow.

When the plan fails by reason of insolvency, it is but just that the member who borrowed should pay what he borrowed with interest. But if he should be allowed a credit on his loan for the dues he had paid on half of his shares of stock, while the nonborrowing member, holding an equal number of shares, gets nothing on his shares, it would be obviously unjust to him. For in such case it must be remembered that the plan for the borrower to pay a premium has failed. He has paid no premium, but he has paid stock dues, and he gets stock in return. It is very true that the consideration upon which he agreed to pay part stock dues as a premium for the advancement has failed by reason of insolvency, which compels him to repay his loan not in the manner contemplated. But the nonborrowing member should not be punished for a contingency which he no more produced than the member who borrowed. Both are disappointed, and both must bear equally, as near as may be, the burdens incident to the failure of the plan.

The court is of the opinion that the rule adopted in *Hale* v. *Phillips, supra,* and here followed, more nearly conserves than any other the principles of equality, mutuality and fairness, upon which building and loan associations are supposed to be founded.

The decree is therefore affirmed.