## RHODES v. BARTON.

### Opinion delivered May 19, 1919.

HIGHWAYS—JURISDICTION OF COUNTY COURT.—Act No. 55 of 1919, creating Road Improvement District No. 9 in Crittenden County, *held* not to infringe upon the jurisdiction of the county court over county roads, since it provides that any changes in the public roads made by the commissioners must be approved by the county court.

Appeal from Crittenden Chancery Court; *Archer Wheatley*, Chancellor; affirmed.

*Harry Spears*, for appellant.

The act is unconstitutional and void because it delegated the right to the commissioners to select the roads to be improved. It usurps the jurisdiction of the county court, which is exclusive. 118 Ark. 119; 120 *Id.* 44. It was error to sustain the demurrer. The decree should be reversed and a decree entered here enjoining appellees as prayed.

*A. B. Shafer and S. V. Neelley*, for appellees.

Article 7, section 28, Constitution, is not self-executing. The Legislature has power to prescribe how roads shall be built and improved. 92 Ark. 93; 122 S. W. 241; 117 *Id.* 544; 89 Ark. 513; 118 *Id.* 119; 176 S. W. 676.

The cases cited by appellant are not in point.

The Legislature can designate a road to be improved or delegate it to commissioners as an agency of the State. 125 Ark. 325; 188 S. W. 822; 120 Ark. 277; 179 S. W. 486.

Act No. 55, Acts 1919, expressly guards the exclusive jurisdiction of the county court and is not unconstitutional. The plans, etc., are to be approved by the county court and when the road is completed it is to still exist and be preserved in repair by the county court. The commissioners are merely agents of the county court to improve the road and keep it in repair. On the whole case the decree is right and should be affirmed.

The provisions of the act are in accordance with Acts 1911, p. 365, amending Kirby's Digest, section 7328. This act was held constitutional in 203 S. W. 260.

HUMPHREYS, J.   Appellant, an owner of lands in Road Improvement District No. 9 in Crittenden County, created by Act No. 55, Acts 1919, of the General Assembly of Arkansas, instituted suit in the Crittenden Chancery Court against appellees, commissioners of said district, to enjoin them from taking any steps under said act.   It was alleged in the complaint that the act empowered appellees to select the roads in the district which are to be improved, which delegation of authority rendered the act void because it interfered with the constitutional jurisdiction of the county court.

Appellees filed a general demurrer to the complaint, which was sustained by the court.

Appellant declined to plead further and the complaint was dismissed for want of equity.   From the decree of dismissal, an appeal has been prosecuted to this court.

It is insisted by appellant that the act in question is void because the Legislature delegated the right to the commissioners to select the roads to be improved within said district.   The authority challenged as unconstitutional is conferred in section 8 of said act on the commissioners ''to determine what roads within their respective districts it is most necessary to improve at the present time, and when they have determined what roads they deem it best to improve, they shall make plans for the improvement thereof, and when their plans are completed they will file the same, with a plat showing the outlines of the district and the course of the roads which they contemplate improving, and accompanied by specifications giving the details of the work and an estimate of the costs thereof with the county clerk of Crittenden County. Said plans shall also be submitted to the State Highway Department, and if approved by it, shall be deemed a Federal and State Aid Highway project, and the commissioners of each of said districts shall lay the plans before the county court of Crittenden County, and if said county court approves the same, they shall be the plans and specifications of the district, and the approval of said

plans shall operate as the laying out as a public highway of any new road which may appear upon said plans, * * *'' There is nothing in the section just quoted which indicates the usurpation of the exclusive, original jurisdiction of the county court over the public roads of the county. The act requires that the selection of the roads by the commissioners and their plans for the improvement thereof must be submitted to, and approved by, the county court before they can become the improvements of the district. The statute does not substitute a tribunal for the county court and confer upon it the exclusive, original jurisdiction conferred upon the county court by the Constitution of the State. The selection of the roads and the plans for improving them are in the nature of suggestions and in no sense restrictions upon the judgment or discretion of the county court. In upholding the constitutionality of a statute similar to the one in question, in the recent case of *Sallee* v. *Dalton,* 138 Ark. 549, 213 S. W. 762, this court interpreted the statute as invoking, and not invading, the jurisdiction of the county court. The court took occasion to say that the effect of such a statute ''was not to compel the county court to accept the judgment of the Board of Commissioners in the selection of routes;'' also, that its effect was ''not absolutely to impose the will of the commissioners upon the county court in the changing of roads or the establishment of new roads.'' The identical question involved in the instant case was adjudicated in the case of *Sallee* v. *Dalton, supra,* and that case rules this.

The constitutionality of the act in question has not been assailed on any other ground than the one assigned and discussed in this opinion, so we have refrained from discussing the validity of its other provisions.

The decree is affirmed.

Judge SMITH did not participate, being disqualified.