BOARD OF COMMISSIONERS OF ROAD IMPROVEMENT DISTRICT
No. 9 v. FURLOW.

Opinion delivered June 23, 1924.

1. STATUTES—CONSTRUCTION.—It is the duty of courts to construe a statute so as to render it valid if such a construction is reasonable.

2. HIGHWAYS—VALIDITY OF ACT.—Act No. 377 of Extraordinary Session of 1920, which created a road improvement district, authorized the improvement only of roads within the district.

3. HIGHWAYS—VALIDITY OF ACT.—Act Ex. Sess. 1920, No. 377, which created a road improvement district, and provided that if any part of the roads to be improved has not been laid out as a public road, it is made the duty of the county court to lay the same out, is not invalid as depriving the county court of jurisdiction to lay out public roads.

4. HIGHWAYS—AUTHORITY TO SELECT ROUTE.—Act Ex. Sess. 1920, No. 377, which created a road improvement district, is not invalid in that it authorized the commissioners to select or vary the route of the roads to be improved.

Appeal from Little River Chancery Court; *C. E. Johnson*, Chancellor; reversed.

*Shaver, Shaver & Williams*, for appellant.

It is elementary that every reasonable construction must be resorted to in order to save a statute from unconstitutionality. All questions and doubts involved in its construction are resolved in favor of its validity. 153 Ark. 114, 239 S. W. 753; 155 U. S. 657, 15 Sup. Ct. 211, 39 L. ed. 297; 145 Ark. 279, 224 S. W. 622. To declare the act creating the appellant road improvement district invalid would contravene the application of this elementary rule. The statute in question does not constitute an invasion of the jurisdiction of the county court over roads and highways guaranteed to it by art. 7, § 28, of the Constitution. Note that it only authorizes the improvement of "public roads, or roads to be hereafter made public roads by proper orders of the county court of said county," and that it provides: "If any part of said roads have not been laid out a public road, it is made the duty of the county court to lay the same out in accordance with law." 125 Ark. 350, 188 S. W. 822; 130 Ark. 507,

197 S. W. 1148; 138 Ark. 549, 213 S. W. 762; 141 Ark. 247; 143 Ark. 203; 139 Ark. 153, 213 S. W. 767; 138 Ark. 497, 212 S. W. 333; 142 Ark. 52, 218 S. W. 381.

*DuLaney & Steel,* for appellee.

The act is invalid. Section 1 thereof confers on the commissioners a "roving" discretion. There is nothing definite or certain as to what roads the commissioners may deem it practicable and expedient to improve, and that is something the property owners are entitled to know. 147 Ark. 73; 118 Ark. 119; 130 Ark. 44.

McCULLOCH, C. J. The road improvement district involved in this controversy was created by special statute, designated as act No. 377 of the extraordinary session of the General Assembly of the year 1920, the territory described as constituting the district being situated in Little River County. Section 1 of the statute, after describing the boundaries of the district by metes and bounds, provides that said territory is created into a road improvement district "to be known as Road Improvement District No. 9 of Little River County, Arkansas, for the purpose of improving such public roads, or roads to be hereafter made public roads, by proper order of the county court of the county, as the commissioners hereinafter named may deem practicable and expedient."

Section 2 of the statute reads as follows:

"Said roads will follow the best route attainable and adhere to the existing roads as near as practicable. If any part of said roads have not been laid out as a public road, it is hereby made the duty of the county court of Little River County to lay the same out in accordance with act No. 422 of the Acts of the General Assembly of the State of Arkansas for the year 1911, entitled, 'An act to amend section 7328 of Kirby's Digest of the Statutes of Arkansas,' approved May 31, 1911."

Section 4 reads, in part, as follows:

"As soon as possible, the commissioners of said district shall form their plans for the improvement, with

the aid of the State Highway Department and of such engineers as they see fit to employ, and shall file the same with the county clerk of Little River County, along with specifications and an estimate of the cost."

The remainder of the statute is in the usual form, providing for the employment of engineers, etc., and other officers and employees, the assessment of benefits, the issuance of bonds and the construction of the improvement, in accordance with the plans formed by the commissioners.

Appellee owns property in the district, and he instituted this action against the commissioners to enjoin them from proceeding with the consummation of the plans by the construction of the improvement.

It appears from the complaint and exhibits that the commissioners selected as the route a public highway which forms a link in an interstate highway, and that this link forms a connection between the south end of an improved road, constructed by another road improvement district, and a public bridge across Red River. Appellants demurred to the complaint, and the court overruled the demurrer, and, appellants electing to plead no further, final judgment was rendered in favor of appellee, in accordance with the prayer of the complaint.

The first and principal ground of attack upon the validity of the statute is that it fails to sufficiently describe the public road to be improved, and that it is an attempt on the part of the lawmakers to delegate to the commissioners the unrestricted power to select a route, either inside or outside of the district. It will be observed that there is not found in the express language of the statute any designation of a particular road or roads, nor any language expressly stating whether the road to be selected should be inside or outside of the district. The only words of description are that "such public roads, or roads to be hereafter made public roads by proper order of the county court of said county, as the commissioners hereinafter named may deem practicable

and expedient," and a further provision that such road shall follow the best route attainable and adhere to the existing roads as near as practicable.

The first thing to determine, and the real turning point of the case, is whether or not the language is sufficient to restrict the road or roads to be improved to the boundaries of the district, for, if the language is insufficient to bear such a construction, then it is too indefinite. When we consider that the lawmakers were legislating with reference to the territory specifically and accurately described—a very limited area, comprising only a small portion of the county—it is fair to assume that they were attempting to deal with a public road or public roads within that territory, and not to roads situated elsewhere. Under well-known canons of construction it is our duty, if reasonable, to place such interpretation on the statute as will render it valid. Assuming therefore that the language of the statute necessarily referred to roads inside of the district, it constituted a legislative finding that the public highways inside of the district constituted a single unit to be the subject-matter of the improvement, and that the commissioners, though authorized, with the approval of the county court, to adopt another route, such new route "shall adhere to the existing roads as near as practicable." This could only mean that the public highway in the district should be adopted with such slight variations as the commissioners, with the approval of the county court, should deem advisable. It is not a case where the commissioners were given unrestricted authority to adopt a route anywhere and as many routes as they saw fit, and impose the cost on the lands mentioned in the statute creating the district. The area involved is a limited one, and we must indulge the presumption in favor of the legislative finding that public roads in the district, with such changes as the county court may approve, will constitute a single improvement from which all the property in the district will receive benefits to a greater or lesser degree. Viewing the statute in that light, the majority has reached the

conclusion that it is not void on account of indefiniteness or on account of being an attempt to confer unrestricted power upon the commissioners. Nor is the creation of the district invalidated by the fact that the commissioners were authorized to select or vary the route of the roads to be improved. This authority, it has been held, may be conferred by the Legislature upon the commissioners of a district. *Nall* v. *Kelley,* 120 Ark. 277; *Conway* v. *Miller County Highway & Bridge Dist.,* 125 Ark. 325; *Bennett* v. *Johnson,* 130 Ark. 507; *Rhodes* v. *Barton,* 138 Ark. 497; *Cumnock* v. *Alexander,* 139 Ark. 153; *Bush* v. *Delta Road Imp. Dist.,* 141 Ark. 247.

It is also contended that the authority attempted to be conferred upon the commissioners of the district constitutes an invasion of the jurisdiction of the county court. We are of the opinion that such is not the case, for the authority of the county court is fully recognized. The direction is that public roads shall be selected for improvement, or such as may be made public roads by proper order of the county court. The language of § 2 is that, where the route selected has not been laid out as a public road, "it is hereby made the duty of the county court of Little River County to lay the same out," etc. But, as we held in the case of *Sallee* v. *Dalton,* 138 Ark. 549, this does not deprive the county court of the exercise of its jurisdiction in determining whether or not the road shall be laid out. There are many later decisions of this court on the same subject, and none of them, we think, sustain the contention that this language is sufficient to deprive the county court of its jurisdiction.

The conclusion reached is that the attacks on the validity of the statute are unfounded, and that the chancery court erred in sustaining them.

The decree is reversed, and the cause remanded with directions to sustain the demurrer of appellants to the complaint.

Wood and Hart, JJ., dissent.