SCHOOL DISTRICTS NOS. 41 ET AL. *v.* POPE COUNTY BOARD
OF EDUCATION.

Opinion delivered July 9, 1928.

*Hays, Priddy & Rorex* and *Robert Bailey,* for appellant.

*Ward & Caudle,* for appellee.

KIRBY, J. This appeal is from a judgment of affirmance by the circuit court of the action of the county board of education of Pope County, consolidating certain school districts in said county, the three causes being instituted separately and consolidated for a hearing by the board of education. The proceedings were instituted under the authority of act 144 of the Acts of 1927, and no question is raised challenging the regularity of the procedure.

The board of education dissolved the districts upon proof of the record of attendance, made before the act was passed, during the school year ending June 30, 1927. Appellants insist that the board was without authority, under the provisions of act 144 of 1927, enacted without the emergency clause, to dissolve the districts upon proof of the record of the average daily attendance below the

requirements of said act, made before it became effective, and as shown by the record of attendance for the school year ending June 30, 1927, and this contention must be sustained.

Section 1 of said act provides: "The county board of education of any county shall have the discretionary power to dissolve any school district whose length of school term shall not be one hundred twenty days in any school year, or whose average daily attendance does not exceed fifteen pupils, and attach the territory so dissolved to adjacent school district or districts * * *."

The act was approved on the 16th day of March, 1927, but contained no emergency clause, and did not go into effect until 90 days after the adjournment of the Legislature on March 12, 1927, or until June 12, 1927. *Arkansas Tax Commission* v. *Moore,* 103 Ark. 48, 145 S. W. 199; *St. Louis, Iron Mountain & Sou. Railway Co.* v. *Roddy,* 110 Ark. 161, 161 S. W. 156.

"A statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." *Fayetteville B. & L. Assn.* v. *Bowlin,* 63 Ark. 576, 39 S. W. 1047; *Black* v. *School District,* 106 Ark. 572, 173 S. W. 1104. Certainly it was not the intention of the Legislature to give this law a retroactive effect, there being no expression of an intention therein indicating that its operation should be other than prospective, and it accordingly furnished no authority for dissolution of the districts because of the too small daily attendance of pupils before the law became effective, and the court erred in holding otherwise.

Appellee insists that the appeal was not properly taken from the decision or order of the board of education abolishing the districts, to the circuit court, because no affidavit for appeal, in accordance with the terms of act 144 of 1927, providing therefor, is shown in the transcript. This question was not raised in the circuit court, however, by objection or any motion to dismiss the appeal, and must be held to have been waived by the

appearance of appellee therein and the trial of the cause. *Wulff* v. *Davis,* 108 Ark. 291, 157 S. W. 384; *Ark. Brick & Tile Co.* v. *Crabtree,* 172 Ark. 752, 290 S. W. 361.

The judgment is accordingly reversed, and the cause remanded to the circuit court, with directions to reverse the order of the county board of education abolishing and consolidating the said districts, and for any further necessary procedure according to law and not inconsistent with this opinion.