LACEFIELD *v.* TAYLOR.

Opinion delivered April 25, 1932.

*Carmichael & Hendricks,* for appellant.

*H. B. Stubblefield,* for appellee.

SMITH, J. Appellant filed an intervention in a suit brought by the State Bank Commissioner to wind up the affairs of the Travelers' Building & Loan Association as being insolvent. The intervener alleged that on November 18, 1929, he obtained a loan from the association of $5,000 on the regular and usual plan of subscribing for $5,000 worth of stock, to be paid for in monthly instalments, in addition to the interest. These payments, which are called dues, amounted to $15, plus interest, and were regularly paid for a period of twenty-five months, when the association was taken over by the Bank Commissioner in the suit filed to wind up its affairs. The intervener made a tender of the balance due on his loan, less the dues paid, and prayed that the receiver of the association be required to accept this tender in satisfaction of his loan and be directed to cancel the mortgage which

he had given to the association to secure it. A demurrer to the intervention was sustained, from which decree is this appeal.

The case presented involves the construction of § 7 of act 236 of the Acts of 1931 (page 726), which is entitled "An act to amend act 128 of the Acts of 1929 for the supervision and operation of building and loan associations." This section reads as follows:

"Section 7. That § 11-c is hereby added to act 128 of the Acts of 1929 as follows:

"Section 11-c. Repayment of loans in voluntary or involuntary liquidation. Any borrower from a domestic building and loan association which shall be in voluntary or involuntary liquidation or which has been legally declared insolvent, who, at the time of such liquidation or insolvency, is indebted to the said association, shall be charged with the amount due on said loan and/or advance, and any other indebtedness due said association by such borrower, at the time of liquidation or insolvency, and shall be given credit on his loan and/or advance for the amount theretofore paid on his stock, bond, investment certificate, membership certificate, or other evidence of shares, as the case may be, less any fees, fines, or penalties due said association by such borrower."

It is apparent that this section changes the rule announced by this court in the case of *Courtney* v. *Reap,* 184 Ark. 112, 40 S. W. (2d) 785. In that case a borrowing member of an insolvent building and loan association sought the relief which the section copied above is intended to afford. The question there presented was stated as follows: "* * * The main question is the right of set-off, or whether the appellant (the borrowing member) is entitled to any credit for dues paid on the value of her stock against the loan." The opinion sets out the procedure under which building and loan associations operate, and it is not contended that there is any difference in the facts between that case and the instant one. The relief there prayed was denied upon the authority of the earlier cases of *Hale* v. *Phillips,* 68 Ark. 382, 59 S. W. 35,

and *Taylor* v. *Clark*, 74 Ark. 222, 85 S. W. 231. It was there conceded that the relief prayed could not be granted unless those cases were overruled, and this we were asked to do, but we declined to do so. In reaffirming those cases, we said: "In other words, if the payments made on stock by the borrowing members were applied on the debt, the borrowing member would receive for his stock all that he had paid on the stock if it were worthless, and the nonborrowing member would lose everything he had paid on his stock. The rule adopted by this court requires each to bear his part of the burden, and, so far as the payments on stock are concerned, each stockholder, whether he is a borrower or not, is treated like every other stockholder. The borrowing member's duty as a stockholder is not changed because he borrows money from the association.

"The court said in a later case: 'The court is of the opinion that the rule adopted in *Hale* v. *Phillips, supra,* and here followed, more nearly conserves than any other the principles of equality, mutuality and fairness, upon which building and loan associations are supposed to be founded.' *Taylor* v. *Clark*, 74 Ark. 220, 85 S. W. 232."

The advantage of § 7, above quoted, to the borrowing member is apparent. It enables him to terminate his relation with the association without loss, although it is insolvent. He is given full credit for all dues paid, and is required only to pay the difference between the total amount of dues paid and the amount of his loan. It is equally as apparent that this preference is given at the expense of the investing stockholder, as sufficiently appears from the opinion in *Courtney* v. *Reap, supra,* and the whole system of mutuality is destroyed.

In support of the decree of the court below sustaining the demurrer to the intervention, it is insisted that § 7 is not retroactive, and does not apply to existing contracts. It is also insisted that, if it is retroactive, it is unconstitutional, as impairing the obligation of existing contracts, the validity of which had long been recognized under the decisions of this court.

We recognize the seriousness of the question as to the constitutionality of the act if it is held applicable to existing contracts, but we find it unnecessary to decide that question, for the reason that, in·our opinion, the act is not retroactive, and does not apply to contracts existing at the time of its passage.

It is not expressly stated in the act that it shall be retroactive, nor does that intention otherwise sufficiently appear to compel that construction. In the recent case of *Dulaney* v. *Continental Life Ins. Co., ante* p. 517, we recognized that an act might be retroactive in its operation, although that intention had not been expressly declared by the Legislature, but we said this could not be true unless the provisions of the act were such as to clearly show that intention.

The case of *Mosaic Templars of America* v. *Bean,* 147 Ark. 24, 226 S. W. 525, announces the rule which this and all other courts consistently follow that all statutes will be construed as having only a prospective operation unless the Legislature expressly declares or otherwise shows a clear intent that it shall have a retrospective effect.

As appears from the facts herein stated, § 7 of the act of 1931, if retroactive, affects contracts existing at the time of its passage, and in the case of *Rhodes* v. *Cannon,* 112 Ark. 6, 164 S. W. 752, we quoted from the case of *City Ry. Co.* v. *Citizens' St. R. R. Co.,* 166 U. S. 557, 17 S. Ct. 653, as follows: "A statute should not be construed to act retrospectively or to affect contracts entered into prior to its passage unless its language be so clear as to admit of no other construction." We there also quoted from our own case of *Beavers* v. *Myar,* 68 Ark. 333, 58 S. W. 40, where it was said: "An act of the Legislature will not be construed to have a retrospective effect if susceptible of any other construction."

In the case of *Dulaney* v. *Continental Life Ins. Co., supra,* we were of the opinion that the legislative purpose in passing the act there construed would have been

defeated had the act there involved not been construed as being retrospective.

Such is not the case here. The Legislature knew that many building and loan associations were then operating, and would continue in business, and the act may be construed as applying to contracts entered into after it became a law.

The act was approved March 27, 1931, and as it contained no emergency clause, it did not become a law until ninety days after the adjournment of the session of the General Assembly at which it was enacted. *Dulaney* v. *Continental Life Ins. Co., ante* p. 517; *School Dist. No. 41* v. *Pope County Board of Education,* 177 Ark. 982, 8 S. W. (2d) 501; *Crowe* v. *Security Mortgage Co.,* 176 Ark. 1136, 5 S. W. (2d) 346.

In addition to the presumption that an act is not intended to be retroactive, we have the presumption that the General Assembly did not intend to enact an unconstitutional law, and it is a settled rule of construction that legislation will be so construed as to be constitutional if that construction may be fairly and reasonably given. *Board of Commrs. Rd. Imp. Dist. No. 9* v. *Furlow,* 165 Ark. 60, 262 S. W. 991; *Standard Oil Co. of La.* v. *Brodie,* 153 Ark. 114, 239 S. W. 753; *Commrs. of Broadway-Main St. Bridge Dist.* v. *Quapaw Club,* 145 Ark. 279, 224 S. W. 622.

While we have said that we do not feel required to pass upon the constitutionality of § 7 if held to be retrospective, there is such grave doubt of its constitutionality, if so construed, that we cannot fail to take this fact into account in determining whether there was indeed a legislative intent that it should be so construed.

We therefore hold that the section is not retroactive, and that the demurrer was properly sustained, and the decree is therefore affirmed.

Kirby, J., dissents.