RHODES v. CANNON.

Opinion delivered March 2, 1914.

1. ADMINISTRATION—STATUTE OF NONCLAIM.—Where plaintiff held a note against an estate and the administrator was appointed October 23, 1907, *held*, the note was barred by the statute of nonclaim on October 24, 1908. (Page 10.)

2. STATUTES—CONSTRUCTION—WHEN RETROACTIVE.—No statute will be given retroactive effect if it is susceptible of any other construction. (Page 11.)

3. MORTGAGES—STATUTE OF NONCLAIM—MORTGAGE BARRED.—The act of May 10. 1911, p. 256, providing for foreclosing mortgages after

death of mortgagor, *held* not to be retroactive in effect, and does not apply to claims already barred by the statute of nonclaim at the time of its passage. (Page 13.)

4. MORTGAGES—SECURED CLAIMS—STATUTE OF NONCLAIM—EXCEPTIONS. —The act of May 10, 1911, p. 256, providing that when any indebtedness is secured by mortgage or trust deed, and the mortgagor dies, it may be foreclosed at any time within the time for foreclosing mortgages, applies to debts secured by mortgage and not barred at the time of its passage, or made thereafter, and does not apply to mortgage debts barred at the time of the passage of the act. (Page 13.)

5. LIMITATIONS—VESTED RIGHT IN.—One may have a vested right in the defense of the statute of limitations, of which he can not be deprived by subsequent legislation. (Page 15.)

6. ADMINISTRATION—BARRED CLAIM—NONCLAIM—ACTS OF ADMINISTRATION.—A claim against an estate once barred by the statute of nonclaim, can not be revived by acts of the administrator in making payments on account, or making promises or statements, in references thereto. (Page 15.)

7. MORTGAGE DEBT—LIMITATIONS.—Where the liability, if any, grows only out of a recital in a trust deed of the husband, and the wife did not execute the same, any claim against her is barred by the three years' statute of limitations. (Page 16.)

Appeal from Mississippi Chancery Court, Osceola District; *Charles D. Frierson*, Chancellor; reversed.

*W. J. Lamb*, for appellants.

1. The note sued on and the right to foreclose the trust deed was barred by the statute of nonclaim on October 24, 1908. Acts 1907, page 1170.

The claim was never presented to the administrator and is barred. 92 Ark. 522; 94 Ark. 60. When the claim became barred by the statute of nonclaim, the right to foreclose or sell under the power contained in the deed of trust was also barred. Kirby's Dig., § 5399; 64 Ark. 317.

2. The court erred in holding that the act amending section 5399 of Kirby's Digest, Acts 1911, page 256, was retroactive and that the Legislature had the power to revive the claim and restore the lien. Retroactive statutes when they affect substantial rights are not favored in the law, nor will they be given that effect if they

are susceptible of any other construction. Nothing in the language of the above act indicates a legislative intent that it has any reference to claims already barred by the statute of nonclaim; and in the absence of language, clear and unequivocal, indicating an intention on the part of the lawmakers that the act should be retroactive in its application, no such construction will be placed upon it. 6 Ark. 484; 63 Ark. 573; 68 Ark. 333; Cooley, Const. Lim., 455; Black, Interp. Laws, 251, § 103; 57 So. 724; *Id.* 977; 126 Pac. (Cal.) 158; 74 S. E. 1010; 143 S. W. 361; 96 N. E. 857.

Even if the Legislature had intended to make the act retroactive, it had no power to do so. A right which has accrued by the bar of a statute of limitations is a vested right which can not be taken away by legislative enactment. 6 Ark. 484, 494-6; 10 Ark. 516-526; 11 Ark. 183-186; 31 L. R. A. 70; 43 N. E. 367; 45 S. E. 288; 61 Pac. 901; 29 S. W. 450; 78 Pac. 680; 30 Ala. 120; 44 Pac. 451; 91 Pac. 330; 1 Ore. 176; 64 Ky. 452; 8 Black. (Ind.) 506; 49 Pac. 553; 4 Tex. 470; 57 Tex. 142; 10 N. H. 386; 13 Fla. 393; 38 Ga. 300; 2 Ind. 647; 121 Mass. 558; 54 N. H. 167; 41 N. J. L. 9; 90 N. C. 542; Cooley's Principles of Constitutional Law (3 ed.) 359; *Id.* 351; 70 Ark. 49-53; 120 Am. St. Rep. 479, note; 95 *Id.* 659, note; 3 S. W. 249; 72 Am. Dec. 630; 20 S. E. 26; 52 So. 298; 39 Am. Rep. 561.

*J. T. Coston* and *Bradshaw, Rhoton & Helm,* for appellee.

1. After reviewing the history of the enactment of the act of May 10, 1911, and the causes leading up to it, particularly the agitation over the State growing out of the decision of this court in *Mueller* v. *Light,* 92 Ark. 522, counsel contend that the act gives the holder of a mortgage a remedy against the security though the debt had been barred by the statute of nonclaim, and that that was the purpose of its enactment.

2. If, in this State, an administrator can waive the statutes of limitation, it is certain that that was done in this case, not only in writing but in the monthly pay-

ment of interest up to and including June, 1910. In
many jurisdictions it is the rule that a personal repre-
sentative has the power to waive the statute of lim-
itations. 8 How. 402; 111 U. S. 640; 7 Ala. 598; 20 Ala.
147; 78 Ala. 260; 64 Ala. 438; 130 N. W. 817; 87 S. W.
1093; 100 S. W. 253; 125 S. W. 177; 49 Md. 14; 59 Md.
291; 112 Md. 122; 13 Mass. 201; 16 Mass. 429; 180 Mass.
27; 11 N. H. 208; 64 N. H. 461; 36 N. J. L. 44; 61 N. J.
Eq. 188; 72 N. J. Eq. 366; 36 N. C. 92; 38 N. C. 442; 58
N. C. 168; 100 N. C. 99; 108 N. C. 571. In this State an
administrator is not bound to plead the statute of lim-
itations under ordinary circumstances. 68 Ark. 492;
22 Ark. 290. See also 66 Ark. 464; 71 Ark. 165; 25 Cyc.
1012 F; *Id.* 1016.

The debt is not barred as to the wife, Susie W.
Keiser, who joined in the execution of the trust deed;
and if it was not barred as to her, it was not barred as
to J. P. Keiser's estate. 34 Ark. Law Rep. 478; 25 Cyc.
1383-1387.

3. There is no vested right in a mere defense to a
personal demand. 3 Kan. 507; 115 U. S. 620; 51 Tex.
251; 78 Tex. 33; 18 Ala. 248; 45 L. R. A. 609; 14 L. R.
A. 59. See also, as supporting appellee's contentions, 8
Cyc. 923, note 58; 181 Mass. 383; 213 Ill. 322; 41 S. W.
(Ky.) 287; 57 Wash. 602.

SMITH, J. On the 2d day of January, 1912, appellee
instituted this suit to foreclose a trust deed given by John
P. Keiser to secure the payment of a note for $12,000,
executed on the 30th day of January, 1905; due and pay-
able on the 2d day of January, 1907. After alleging the
payment of certain sums as interest the complaint recites
that the maker of said note departed this life on Octo-
ber 17, 1907, and the defendant, J. W. Rhodes, was ap-
pointed administrator of his estate October 23, 1907, and
has since been the duly qualified and acting administra-
tor of said estate, and the said claim was never presented
to the said administrator of said estate for allowance,
or allowed by him; nor was the same ever presented to
the court for allowance. It was further alleged in order

to secure payment of said note, John P. Keiser and his wife executed their trust deed on the 30th day of December, 1905, in which they conveyed to J. W. Rhodes as trustee for the use of Mrs. E. A. Keiser, certain real estate; that Mrs. Keiser was dead and J. S. M. Cannon is the administrator of her estate.

The defendant demurred to the complaint for the following reason: "That said complaint does not state facts sufficient to constitute a cause of action in this, that said complaint shows on its face that an administrator of the estate of John P. Keiser was duly appointed, qualified and acting, and that he has been such administrator for a period of more than four years and the claim sued on in this cause was never probated and the same is now barred by the statute of nonclaim."

Appellee took several depositions which tend to show that certain interest payments were made by the administrator regardless of the fact that the claim was never presented to him for allowance, and certain letters of the administrator are exhibited in which he expressed his intention of paying the debt, notwithstanding the fact that the claim had never been probated.

The court overruled the demurrer of the appellants and rendered judgment against them in the sum of $14,-417.50; decreed a lien upon property described in the trust deed and appointed a commissioner to sell the property in satisfaction of the lien, from which decree of the court this appeal is prosecuted.

Appellants contend that the note sued on and the right to foreclose the trust deed was barred by the statute of nonclaim on the 24th day of October, 1908, and it is conceded that this note was barred by the statute of nonclaim at that time. *Mueller* v. *Light,* 92 Ark. 522; *Stewart* v. *Thomasson,* 94 Ark. 60. But appellee says the note was never barred by the statute of limitations, and that before the statute of limitations had run section 5399 of Kirby's Digest, which provides that the right to foreclose mortgages or deeds of trust shall be barred when the debt therein secured is

barred, was amended by the addition of the following proviso: "Provided that in all cases where any indebtedness has been or may hereafter be secured by any mortgage or trust deed, such mortgage or trust deed may be enforced or foreclosed at any time within the period prescribed by law for foreclosing mortgages or deeds of trust, so far as the property mentioned or described in such deed of trust or mortgage is concerned, but no claim or debt against the estate of a dead person shall be probated against such estate whether secured by mortgage or deed of trust or not, except within the time prescribed by law for probating claims against estates." Act May 10, 1911. (Acts 1911, page 256.)

Upon consideration of the demurrer the court below held that the act was retroactive and that it revived claims which were barred before its enactment, and that the Legislature had the power to revive the claim of appellee and restore the lien.

Able and exhaustive briefs have been filed in the cause and two questions are chiefly discussed. First, whether the act of 1911 is retroactive, and, second, whether one can have a vested right in the defense of the statute of limitations, where the bar of the statute has once attached as it had here.

Is the act of May 10, 1911, retroactive? If it is not, the debt here sued on remains barred by the statute of nonclaim. Unquestionably the debt was barred by the statute of nonclaim on October 24, 1908, and it remained barred under that statute, in any view of the case until the passage of this act of 1911. During this time a sale of the land described in the deed of trust might have been made free from any lien created by that instrument; and indeed, so far as we may know from the record in this case, such a sale may have taken place. This condition of affairs demonstrates the wisdom of holding that no statute will be given retroatcive effect if susceptible of any other construction.

The Supreme Court of New York in the case of *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 472, said:

"A law is never to have retroactive effect, unless its express letter or clearly manifested intention requires that it should have such effect, if all its language can be satisfied by giving it prospective operation, it should have such operation only.   In *Dash* v. *Van Kleeck,* 5 Am. Dec. 291, Kent, C. J., says that 'We are to presume, out of respect to the law-giver, that the statute was not meant to operate retrospectively;' and that a 'statute ought never to receive such a construction, if it be susceptible of any other.'   In *Jackson* v. *Van Zandt,* Thompson, C. J., says: 'It is a first principle of legislation that all laws are to operate prospectively.   In *Sayer* v. *Wisner,* Savage, C. J., says: 'A statute never ought to have such a construction as to divest a right previously acquired, if it be susceptible of any other giving it a reasonable object and full operation without such construction.'   The same learned judge says in *Hackley* v. *Sprague:* 'All statutes are to be construed prospectively and not retrospectively; unless they are otherwise incapable of a reasonable construction;' and in *The People* v. *Supervisors of Columbia County,* that 'statutes are not to be construed retrospectively, unless they can not have the intended operation by any other than a retrospective construction.   In *Palmer* v. *Conly,* Jewett, J., says: 'It is a doctrine founded upon general principles of the law, that no statute shall be construed to have a retrospective operation without express words to that effect, either by enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such a construction is adopted.'   In *Berley* v. *Rampacker,* Judge Duer says: 'Although the words of the statute are so general and broad as, in their literal extent, to comprehend existing cases, they must yet be construed as applicable only to such as may thereafter arise, unless the intention to embrace all is plainly and unequivocally expressed.' "

In the case of *City Ry. Co.* v. *Citizens St. R. R. Co.,* 166 U. S. 557, it was said: "A statute should not be construed to act retrospectively or to affect contracts en-

tered into prior to its passage unless its language be so clear as to admit of no other construction." In the case of *Beavers* v. *Myar,* 68 Ark. 333, it was said: "An act of the Legislature will not be construed to have a retrospective effect if susceptible to any other construction." And in *Fayetteville B. & L. Assn.* v. *Bowlin,* 63 Ark. 573, it was said: "It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively. Cooley, Const. Lim., 455. The reason for the rule, says Mr. Black, is the general tendency to regard retrospective laws as dangerous to liberty and private rights on account of their liability to unsettle vested rights, or disturb the legal effect of prior transactions. Black, Interp. Laws, § 103, p. 251." This rule of construction is universal.

There is nothing in the language of the amendment of May 10, 1911, which makes it clear and certain that it refers to claims already barred by the statute of nonclaim. A reasonable interpretation of it is that it only refers to debts that have been contracted and their payment secured by mortgage or deed of trust prior to its enactment, but which were not barred at that time, and to such as might thereafter be executed, and gave to the creditor the right to go into the probate court and present his claim in the usual way against an estate generally, or to foreclose his lien in a chancery court, or by sale under the power, or to pursue both remedies; and since the enactment of this amendment any creditor may or may not, as best suits him, probate his claim. If he prefers to collect it within the period of administration he will probate it. If the security is ample and he prefers the interest, he can let the claim run and foreclose his lien, as he could do if the obligor had not died. At the date of the enactment of this amendment there were no doubt many debts secured by mortgages and deeds of trust to which the language of the amendment "where any indebtedness has been or may hereafter be secured by any mortgage or deed of trust" would apply. And

it is by no means certain that the Legislature was undertaking to revive debts then barred by the statute of nonclaim. At any rate, this is not the necessary meaning of the language there employed.

In holding that the act in question is not retroactive, we assume that the Legislature had in mind this rule of construction. And, moreover, we assume that the Legislature also had in mind the decision of this court in the case of *Couch* v. *McKee,* 6 Ark. 484, wherein it was said that one could have a vested right in the defense of the statute of limitations, of which one could not be deprived by subsequent legislation. It was there said "A bar created by the statute of limitations is as effectual as a payment, and a defendant can not be deprived of the benefit of such payment, nor of the evidence to support it and, having provided himself with evidence sufficient and legal at the time of payment, no law can change the nature or destroy the sufficiency of 'the evidence." * * * The proposition that the Legislature has the power to take the property of one man and transfer it to another is at once monstrous and absurd. And what is the difference between the proposition and the one that the Legislature has the power to deprive a man of legal defense against a demand set up against him? In the first case, the action would be direct and fully understood; in the second it would be indirect, taking the property of the defendant under the form of a judicial sentence by depriving him of a valid defense against a demand invalid in law."

Apparently all the cases on this subject have been collected in the able briefs filed in this cause and there is a difference of opinion in the authoripears to be that one may have such a vested right, and when it has become vested the Legislature can not thereafter deprive one of this defense. The leading case opposed to the view of this court, and to what we conceive to be the weight of authority, is *Campbell* v. *Holt,* 115 U. S. 620. The majority opinion in that case makes a distinction between the effect of statutes of limitation in

vesting rights to real and personal property and their operation as a defense to contracts. But two members of that court dissented and delivered an able dissenting opinion.

However, the Legislature is presumed to have known the decision of this court, and we will not presume that it intended to require the court to again pass upon the subject where that intent is not expressed in unmistakable language.

Appellee also contends that the administrator waived the statute of nonclaim by certain monthly payments of interest, which the deposition taken in the case shows were regularly made, up to June 1, 1910; and by writing certain letters also shown in the deposition in which the administrator recognized the validity of the debt and promised to pay it as soon as he could make certain collections, and in another of these letters the administrator stated that there was no necessity to probate the note as it was amply secured by the deed of trust. But these letters were written after the bar of the statute of nonclaim had fallen and there is no contention that the administrator did anything which prevented the probate of the note within the time limited by the statute. Moreover, in the case of *Hill* v. *State,* 23 Ark. 604, it has been said: "The general statute of limitations applies to the remedy only, and the debt, after it is barred, may be revived by a new promise, part payment, etc., but the statute of nonclaim applies to the right, and when the claim is barred by it it is forever barred. No promise of the executor or administrator, made in any form, can revive the claim. It is not within their power to allow a demand after the expiration of the two years. The policy of the statute forbids it. The statute need not be pleaded, but the executor or administrator may insist on the bar, at any time before final judgment."

It is urged that the debt is not barred as to the wife, Susie W. Keiser, who joined in the execution of the trust deed because it contained the following recital: "This

sale is on condition that, whereas we are justly indebted to Mrs. A. E. Keiser in the sum of twelve thousand dollars, evidenced by note of even date hereof,'' and that therefore a foreclosure may be had. It is said that the case of *Culberhouse* v. *Hawthorne,* 107 Ark. 462, is authority for that position. But the Culberhouse case, *supra,* was a suit to enjoin the foreclosure of a mortgage given to secure a note executed by both the husband and wife, which was barred as against the deceased husband by the statute of nonclaim. The proof in that case did not show that the note had not been executed by the wife for the benefit of her separate estate, and although it appeared that the wife, too, was dead, there had been no administration on her estate, and the court held the proof insufficient to support the action to enjoin the sale of the land. But in the instant case Mrs. Keiser did not sign the note, and, if there is any liability of any kind against her, this liability grows out of the language quoted and not out of the execution of the note, because, as has been stated, she was not a party to its execution. In the case of *Coleman* v. *Fisher,* 67 Ark. 27, a mortgage recited that the mortgagor was indebted to the mortgagees in the sum of $590, evidenced by his fifty-nine promissory notes of $10 each, payable monthly to the order of said mortgagee, and it was there held that this recital was insufficient to support a promise to pay the sum mentioned and that as the notes were never executed the promise rested in parol and was barred by the three year statute of limitations. So here, if there was any obligation on the part of Mrs. Keiser to pay, that promise would be barred by the three year statute of limitations, as this suit was brought only one day before the bar of the five year statute of limitations would have fallen.

The decree of the court below is therefore reversed and the cause will be dismissed.