ENGLAND *v.* SPILLERS.

Opinion delivered March 5, 1917.

MORTGAGES—DEATH OF MORTGAGOR—LIMITATIONS UPON RIGHT OF FORECLOSURE.—After the passage of Act 260, p. 256, Public Acts, 1911, the period of limitations governing the foreclosure of mortgages and deeds of trust, after the death of the mortgagor, either by suit in chancery, or by proceedings under the power of sale incorporated in such instruments, is not that provided by the statute of non-claim, but is the general statute of limitations applicable to the debt for which the security was given had the debtor not died.

Appeal from Fulton Chancery Court; *George T. Humphreys,* Chancellor; affirmed.

*Lehman Kay* and *C. E. Elmore,* for appellants.

1. The act May 10, 1911, page 256, does not repeal or amend section 110, Kirby's Digest, nor Act 438, Acts 1907, page 1170, relating to demands against estates, and therefore will not permit a foreclosure as is sought here.

2. The law in effect at the date of the death of the debtor and issuance of letters, which was the act May 28, 1907, will control regardless of any subsequent act. 112 Ark. 6; 92 *Id.* 522; 27 *Id.* 27, 600; 101 *Id.* 238; 97 *Id.* 546; 6 *Id.* 513.

*John H. Caldwell* and *Ernest Neill,* for appellee.

The demurrer was properly overruled and the suit was not barred. 107 Ark. 462; 112 *Id.* 113; *Hicks v. Hicks,* ms. op. June 24, 1915; 91 Ark. 5; 94 *Id.* 426; 102 *Id.* 213; 65 *Id.* 529; 107 *Id.* 462; Acts 1911, page 256.

SMITH, J. This suit was brought to foreclose a mortgage executed by N. J. England and Mary J. England, his wife, on November 17, 1907, to secure certain notes which matured February 16, 1911. N. J. England died some time prior to November 16, 1910, this being the date of the letters of administration which were granted to his wife on his estate; the exact date of his death is not shown by the record. This suit was filed September 23, 1915, which was within less than five years from the date of the maturity of the notes, but more than two years after the issuance of letters of administration. The defendants de-

murred to the complaint upon the ground that the cause of action was barred; but the demurrer was overruled. Defendants stood on their demurrer, and have appealed from the decree of foreclosure, which was rendered upon their refusal to plead further.

The parties agree that the decision of this case turns upon the construction to be given Act No. 260 of the Public Acts of 1911, page 256. The history of this legislation has been recited in former opinions of the court, and may be here summarized as follows: In the case of *Mueller* v. *Light,* 92 Ark. 522, it was held (to quote the syllabus) that "where the mortgagor dies before the statute bar of five years applicable to the mortgage note has attached, the statute of limitation which applies to the mortgage is the statute of nonclaim," and that the right to foreclose was barred when the debt itself was barred by the statute of nonclaim. *Culberhouse* v. *Hawthorne,* 107 Ark. 462; *Rhodes* v. *Cannon,* 112 Ark. 6.

The opinion in the case of *Mueller* v. *Light, supra,* was delivered November 29, 1909, and the act of 1911 was passed at the first session of the Legislature thereafter, for the manifest purpose of changing the law as announced in that opinion. This result was accomplished by amending section 5399 of Kirby's Digest, this being a section which prescribed the time within which suits to foreclose mortgages and deeds of trust should be brought. By a comparison of the act of 1911 with this section of Kirby's Digest, it will be seen that section 5399 of Kirby's Digest is re-enacted with the addition of the following proviso:

"Provided, that in all cases where any indebtedness has been or may hereafter be secured by any mortgage or deed of trust, such mortgage or deed of trust may be enforced or foreclosed at any time within the period prescribed by law for foreclosing mortgages or deeds of trust so far as the property mentioned or described in such deed of trust or mortgage is concerned; but no claim or debt against the estate of a dead person shall be probated against such estate whether secured by mortgage or deed

of trust or not, except within the time prescribed by law for probating claims against estates.''

In construing this act of 1911 in the case of *Rhodes v. Cannon, supra,* we said: ''A reasonable interpretation of it is that it only refers to debts that have been contracted and their payment secured by mortgage or deed of trust prior to its enactment, but which were not barred at that time, and to such as might thereafter be executed, and gave to the creditor the right to go into the probate court and present his claim in the usual way against an estate generally, or to foreclose his lien in a chancery court, or by sale under the power, or to pursue both remedies; and since the enactment of this amendment any creditor may or may not, as best suits him, probate his claim. If he prefers to collect it within the period of administration he will probate it. If the security is ample and he prefers the interest, he can let the claim run and foreclose his lien, as he could do if the obligor had not died.''

It is now argued that the statement in that opinion that the creditor could, if he so elected, postpone the foreclosure of his lien, without reference to the statute of nonclaim, and that the applicable statute is the statute of limitations which would have applied if the obligor had not died, was *obiter,* as the controlling questions in that case were, whether this act of 1911 was retroactive, and whether one can have a vested right in the defense of the statute of limitations when the bar of the statute had once attached. However that may be, the question is now squarely presented by the record in this case, and we now approve the statement of the law quoted from that opinion.

It is argued that the obligor died prior to the enactment of the act of 1911, and that letters of administration upon his estate issued November 6, 1910, and that thereafter the statute of limitations commenced running against any action to foreclose the mortgage given by him, this statute being the statute of nonclaim, and that this act of 1911 did not, and could not, change this statute

so far as it related to that cause of action. As we have said, however, in *Rhodes* v. *Cannon, supra,* the purpose and effect of this legislation was to provide that thereafter the period of limitations governing the foreclosure of mortgages and deeds of trust, either by suit in chancery, or by proceedings under the power of sale incorporated in such instruments, should not be that provided by the statute of nonclaim, but should be the general statute of limitations applicable to the debt for which the security was given, had the debtor not died.

Appellant's construction of the act would render it nugatory as applied to the facts of this case. Indeed, the contention is made that the act did not, and could not, change the statute of limitations which was set in motion upon the death of the obligor. While we said, in the case of *Rhodes* v. *Cannon, supra,* that one may have a vested right in the defense of the statute of limitations, of which he can not be deprived by subsequent legislation, we have never held that this right becomes vested before the statute has fully run. We have held to the contrary. The period of limitations may be shortened, provided a reasonable time is allowed, after the act accomplishing that result is passed, in which an interested party may prevent the consequences of the act falling upon him. So, also, the time for the falling of the bar of the statute may be postponed. That the power to enact such legislation exists, see Wood on Limitations (4 ed.), § 11; *Dyer* v. *Gill,* 32 Ark. 410; *Hill* v. *Gregory,* 64 Ark. 317; *Tipton* v. *Smythe,* 78 Ark. 392; *Pope* v. *Ashley,* 13 Ark. 262; *Sadler* v. *Sadler,* 16 Ark. 628; *Towson* v. *Denson,* 74 Ark. 302.

The mortgage was not barred when the act took effect, the administration having commenced about six months prior thereto, and, upon its enactment, the act of 1911 became applicable, and the period of limitation became five years, the debt secured being a promissory note.

The demurrer was properly sustained, and the judgment is affirmed.