BURLINGHAM *v.* HUTCHINS.

Opinion delivered November 23, 1931.

*Golden Blount,* for appellant.

HUMPHREYS, J. This is an appeal from that part of a decree of the chancery court of Faulkner County refusing to foreclose the interest of two minor heirs of Winnie G. Hutchins in certain real estate she separately owned and mortgaged on the 9th day of February, 1918, to secure an indebtedness evidenced by a note or bond she

owed H. G. Chalkley, which was due on the 19th day of February, 1923. Louis E. Hutchins, the husband of Winnie G. Hutchins, joined in the execution of the note and mortgage. H. G. Chalkley duly assigned the note and mortgage to appellant herein, who brought suit on the note and for foreclosure of the mortgage against Louis E. Hutchins and Winnie G. Hutchins on the 21st day of April, 1927, within five years after the due date of the note. Louis E. Hutchins entered his appearance, but Winnie G. Hutchins could not be found, and upon inquiry it was discovered that she died intestate in the month of October, 1918, less than a year after she executed the instruments, leaving two minor children, Robert Hutchins and Avey Hutchins, surviving her. There has never been an administration of her estate. The appellant, on learning the condition, filed an amendment to his complaint on the 13th day of October, 1928, more than five years after the due date of the note, making the two minors parties defendant, and obtained service upon them by warning order.

Upon the trial of the cause, the court rendered personal judgment against Louis E. Hutchins for the amount of the debt and interest, and decreed a foreclosure and order of sale of his interest in said real estate to apply on the judgment, but ruled that the debt and right to foreclose the minors' interest in said real estate was barred by the five years' statute of limitations before this suit was instituted against them.

Appellant contends for a reversal of that part of the decree adverse to him upon two alleged grounds: first, that the amendment to the complaint related back and became a part of the original complaint; second, that the statute of nonclaims applied, under which the debt would not be barred until one year after the appointment of an administrator for the estate of Winnie G. Hutchins, the mother of the minors.

(1) The amendment making the minors parties was clearly a new suit against them, and not a continuation of the original suit. Their mother, from whom they inherited the land, died many years before the original

suit was filed and could not have been made a party thereto; and, she not being a party, the so-called original suit against her could not be revived against her heirs under the guise of an amendment to the original complaint or otherwise. The heirs were not interested in their father's estate in the property, so could not be made parties on account of his estate therein. There was no connection between the two estates in the property, the father's being an estate by curtesy and theirs a fee estate in remainder. The estates being independent of each other, the suits attempting to foreclose the separate interests were in the nature of separate and independent suits, although joined, and each was commenced when the complaint against each was filed and summons issued against each. Under the view that the amendment including the minors as parties was tantamount to a new suit against them, it was not brought within five years from the due date of the note, and was barred.

(2) The contention of appellant that the statute of nonclaim, instead of the general statute of limitations, applied is not tenable since the passage of act 260 of the Acts of the General Assembly of 1911 (Crawford & Moses' Digest § 7408). The statute of nonclaim and rule announced by this court in the case of *Mueller* v. *Light,* 92 Ark. 522, 123 S. W. 646, 31 L. R. A. (N. S.) 1013, to the effect that the statute of nonclaims was applicable in mortgage foreclosures where the mortgagor died before the debt was barred, was superseded by said act. *England* v. *Spiller,* 128 Ark. 31, 103 S. W. 86.

No error appearing, the decree is affirmed.