WASSON v. STATE EX REL. JACKSON.

4-3104

Opinion delivered June 5, 1933.

Sam Rorex and Leon B. Catlett, for appellant.

J. M. Jackson, Lake, Lake & Carlton, Abe Collins, E. K. Edwards and B. E. Isbell, for appellee.

J. H. Black, George M. Gibson and Walter L. Pope, amici curiae.

HUMPHREYS, J. This is an appeal from a final order or judgment of the chancery court of Pulaski County, requiring appellant, State Bank Commissioner, to pay appellee, Sevier County, an unpaid balance due it of $16,268.39 on a judgment it recovered against appellant for $33,649.69 as a preferred claim on June 21, 1932, which was affirmed on appeal by this court on December 5, 1932.

At the time of the rendition of said judgment and the affirmance thereof, all claims which might have been filed in the insolvency proceeding against the American Exchange Trust Company, the assets of which were being administered by appellant Bank Commissioner, had been filed, and most of them allowed as general or preferred claims.

When the American Exchange Trust Company closed its doors, there was sufficient cash in the bank which was received by appellant to pay all preferred

claims, including appellee's claim. The time for filing claims against said bank had then expired under the provisions of § 54, act 113, of the Acts of 1913, as amended by § 5, act 627, of the Acts of 1923, which is as follows:

"No claim shall be allowed unless proof has been presented to the commissioner within one year from date on which commissioner takes over the assets of the liquidated bank."

The only defense interposed to the payment of the balance due Sevier County on its preferred judgment claim is act 277 of the Acts of 1933, which, omitting formal parts, is as follows:

"Section 1. In all cases where banks in the State of Arkansas are being liquidated by the Bank Commissioner and the one year given by § 54 of act 133 of the Acts of 1913, as amended by act 627 of the Acts of 1923, for presenting claims to the commissioner has expired, the time for filing claims with said Commissioner is hereby extended to all persons having claims of any character until July 1, 1933, unless the liquidation of such banks should be closed before said date; provided that no claims can be presented after the liquidation of such bank is closed."

The purpose of this act was to revive and validate claims which had been barred for failure to file same within the time required by law. This purpose and intent rendered the act void. The general rule of law applicable is well stated in 6 R. C. L., p. 309, as follows:

"In most jurisdictions it is held that, after a cause of action has become barred by the statute of limitations, the defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor the Legislature has power to divest that right and revive the cause of action. Where title to property has vested under a statute of limitation, it is not possible by an enactment to extend or revive the remedy since this would impair a vested right in the property."

The rule announced above was approved by this court in *Rhodes* v. *Cannon*, 112 Ark. 6, 164 S. W. 752.

No error appearing, the decree is affirmed.