Robert E. JOHNSON *v.* Sandra K. LILLY

91-251                                                      823 S.W.2d 883

Supreme Court of Arkansas
Opinion delivered February 3, 1992
[Rehearing denied March 2, 1992.]

*The Cortinez Law Firm, P.A.*, by: *Mark D. D'Auteuil*, for appellant.

*Wendy Renard*, for appellee.

ROBERT H. DUDLEY, Justice. This court has accepted appellate jurisdiction of this case to decide whether Act 870 of 1991, which enlarges the statute of limitation for enforcement of child support obligations, can be applied retroactively to revive a claim that had been barred. We hold that the chancellor erred in

retroactively applying the enlarged limitation to revive a barred cause of action. The appellant assigns two other points on appeal, but we cannot decide them because we have not been provided a sufficient record.

At the outset we confront the defect in the record. The appellee mother, Sandra K. Lilly, filed this action to collect past due child support from the father, Robert E. Johnson. The father filed an answer and a trial brief. The mother responded by filing a trial brief. We do not know what evidence, if any, was presented. The trial court's order reflects that the mother appeared for trial by her attorney and that the father appeared in person and by attorney. It is silent about the presentation of evidence. The appellant has not provided us with a record of the testimony, if any, nor has he supplied us with a stipulation of facts, if any. We only have the pleadings, trial briefs, appellate briefs, and the trial court's order. The defect is fatal to two of the three points of appeal. The burden is on the appellant to file a record sufficient to show that the trial court erred, and he has not done that. *Trout* v. *Matchett*, 305 Ark. 474, 808 S.W.2d 777 (1991). As a result, we have no choice but to affirm the order of the trial court on the two points that involve facts. However, one point of appeal involves only a question of law and, on that point, the trial court's order is erroneous on its face. We address that one point.

Prior to 1989, the statute of limitation for child support arrearages was five (5) years. Ark. Code Ann. § 16-56-115 (1987). In 1989, the General Assembly changed the limitation to ten (10) years. Ark. Code Ann. § 9-14-236 (Repl. 1991). We held the 1989 amendment did not apply retroactively. *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990). The General Assembly wanted to further enlarge this statute of limitation, so it passed Act 870 of 1991, which amends Ark. Code Ann. §§ 9-14-105 & 9-14-236, and provides child support actions can be "brought at any time up to and including five (5) years beyond the date the child for whose benefit the initial support order was entered reaches the age of eighteen (18) years." The 1991 act also provides that the enlarged limitation "shall retroactively apply to all child support orders now existing."

In summary, prior to 1989 the statute of limitation was five (5) years. In 1989 the limitation was changed to ten (10) years,

but that limitation was not made retroactive. Thus, in this case the cause of action against the father for arrearages more than five (5) years past due was barred. The mother filed her complaint on January 2, 1991. At that time any cause of action against the father for arrearages on or before January 2, 1986, was barred. The chancellor held that the General Assembly could revive the cause of action for those arrearages accruing before January 2, 1986. That ruling was in error.

■ We have long held that the legislature has the power to amend statutes of limitation affecting causes of action *which are not yet barred. See Pinkert* v. *Lamb*, 215 Ark. 879, 224 S.W.2d 15 (1949); *Paragould* v. *Lawson*, 88 Ark. 478, 115 S.W. 379 (1908), both involving title to property. More recently, we reiterated our position in a case that did not involve real property. *Morton* v. *Tullgren*, 263 Ark. 69, 563 S.W.2d 422 (1978). In *Morton* we wrote:

> [N]o one has any vested right in a statute of limitations until the bar of the statute has become effective. It is also true that the General Assembly may validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action *which has not been barred* at the time the new statute becomes effective.

*Id.* at 72, 563 S.W.2d at 424 (emphasis supplied) (citations omitted).

The Supreme Court of the United States has held that in all cases except those involving title to property a legislature can, consistent with the Fourteenth Amendment, extend or repeal a statute of limitation, even after the cause of action has been barred. *See Chase Sec. Corp.* v. *Donaldson*, 325 U.S. 304 (1945); *Campbell* v. *Holt*, 115 U.S. 620 (1885).

However, we have long taken the view, along with a majority of the other states, that the legislature cannot expand a statute of limitation so as to revive a cause of action already barred. *Rhodes* v. *Cannon*, 112 Ark. 6, 164 S.W. 752 (1914); *Couch* v. *McKee*, 6 Ark. 484 (1845). In *Wasson* v. *State ex. rel. Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933), we wrote:

> In most jurisdictions it is held that, after a cause of action has become barred by the statute of limitations, the

> defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor the Legislature has power to divest that right and revive the cause of action. Where title to property has vested under a statute of limitation, it is not possible by an enactment to extend or revive the remedy since this would impair a vested right in the property.

*Id.* at 538, 60 S.W.2d at 1020-21 (quoting 6 R.C.L., p. 309). Although the above quotation, which was part of the holding, mentioned cases involving title to property, the case did not involve title to property, but instead involved claims against a bank that had been taken over by the State Bank Commissioner. Similarly, in *Rhodes* v. *Cannon*, 112 Ark. 6, 164 S.W. 752 (1914), we discussed the fact that the Supreme Court of the United States had made a distinction between statutes of limitation that vest rights to real and personal property and those that operate as a defense to contracts. *See Campbell* v. *Holt, supra.* We rejected that distinction and stated:

> The general statute of limitations applies to the remedy only, and the debt, after it is barred, may be revived by a new promise, part payment, etc., but the statute of nonclaim applies to the right, and when the claim is barred by it it is forever barred. No promise of the executor or administrator, made in any form, can revive the claim. It is not within their power to allow a demand after the expiration of the two years. The policy of the statute forbids it. The statute need not be pleaded, but the executor or administrator may insist on the bar, at any time before final judgment.

112 Ark. at 15, 164 S.W. at 754-55 (quoting *Hill* v. *State*, 23 Ark. 604, 612 (1861)). Thus, the trial court erred in holding that the expanded statute of limitation revived the cause of action that was barred.

Reversed and remanded with directions to enter an order consistent with this opinion.