ARKANSAS OFFICE OF CHILD SUPPORT
ENFORCEMENT *v.* Stanley HOUSE

94-1178

897 S.W.2d 565

Supreme Court of Arkansas
Opinion delivered May 8, 1995

*Henry, Walden & Halsey*, for appellant.

*Hugh W. Harrison, Jr.*, for appellee.

TOM GLAZE, Justice. On October 13, 1980, appellee Stanley House was ordered to pay $26 per week for support of his minor child pursuant to a divorce decree. On December 17, 1993, the custodial parent, proceeding through the appellant Arkansas Office of Child Support Enforcement (Office), filed a petition to increase

child support payments and a petition for order to show cause. In the order to show cause filed March 14, 1994, the Office alleged that House was behind in his child support payments in the amount of $8,615.40. House responded by pleading the five-year statute of limitations under Ark. Code Ann. § 16-56-115 (1987) and stating the child support amount sought was barred. Citing *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992), House further contended that a more recent ten-year statute of limitations, Act 525 of 1989 [Ark. Code Ann. § 16-56-129 (Supp. 1993)], did not apply. House also claimed overpayment of $1,274.78 during the five-year period not barred by the statute of limitations.

Following a hearing, the chancellor entered his order increasing the support payments to $32 per week, and barring all arrearages prior to December 17, 1988. He limited the amount of arrearages in child support based upon the five-year statute of limitations, § 16-56-115, applied up to the date (Dec. 17, 1993) the Office filed its petition to show cause. The court further ordered that $1,237.20 in overpayments made subsequent to December 17, 1988, was to be credited against future weekly payments at the rate of $16 per week until the amount of overpayment was liquidated.

The Office appealed the lower court's July 1, 1994 order, arguing the chancellor erred in applying the five-year limitation. Although not argued in the proceeding below, the Office now claims the chancellor should have applied Act 870 of 1991 [Ark. Code Ann. § 9-14-236 (Repl. 1993)]. The Office contends Act 870 somehow entitles it and the custodial parent to additional arrears because the Act provides for an "enlarged" statute of limitations. House argues that because the Office made no mention of Act 870 below, it is precluded from making the argument now on appeal. We agree. The rule is well-established that this court will not reverse on an issue not presented to the trial court. *Hubbard* v. *Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993). We have also said that we will not consider arguments raised for the first time on appeal or where a ruling from the trial court has not been obtained. *Mobley* v. *Harmon*, 313 Ark. 361, 854 S.W.2d 348 (1993).

We point out that the Office not only failed to mention or argue Act 870 to the chancellor, it also made no argument stat-

ing why the five-year statute of limitations provided in § 16-56-115 should not have been applied to the October 13, 1980 child support order in issue. The Office's counsel's only remark made concerning the limitation issue raised by House was as follows: "I think the statute of limitations [defense counsel] is referring to is a normal five years . . . with regard to child support and that there's different statutes passed that extend that. I think that the *Court's policy is that it goes back ten years*, if I'm correct." (Emphasis added.) Defense counsel responded, "No, it's five." The court agreed. Again, the Office urged no argument as to why the trial court should not apply the five-year limitation.

In conclusion, we note that, aside from its failure to preserve its argument below, the Office's argument on appeal is convoluted and difficult to understand without speculating, at times, what the Office means — which we refuse to do. Suffice it to say, we think the Office suggests, by its argument, that Act 870 of 1991 supplants or perhaps repeals the five or ten-year statutes of limitations that have previously been utilized by Arkansas courts in child support arrearage situations. Certainly, Act 870 does not specifically amend or repeal Arkansas's earlier limitation laws, §§ 16-56-115 and 16-56-129, applied in child support arrearage cases. Nonetheless, if this is part of the Office's argument for reversal, that argument needed to be presented to the chancellor below so he could have ruled on the issue. Moreover, even if the Office's position is that the General Assembly's passage of Act 870 enlarged (or did away with) the earlier court's limitation laws, the question still remains whether the arrears House owed had already been barred under the earlier limitation laws. As stated in *Johnson*, 308 Ark. 201, 823 S.W.2d 883, this court has long held that the General Assembly cannot expand a statute of limitations so as to revive an action already barred. Once again, the chancellor was never given the opportunity to address this issue below. Accordingly, because the Office's arguments on appeal were not made or preserved below, we affirm the chancellor's decision.