ARKANSAS DEPARTMENT of HUMAN SERVICES
*v.* Robert HARRIS

94-867                                        910 S.W.2d 221

Supreme Court of Arkansas
Opinion delivered November 20, 1995

*Murrey L. Grider*, for appellant.

*James C. Hale, III*, for appellee.

ROBERT H. DUDLEY, Justice. Deborah Harris had a baby on November 26, 1970, and subsequently married appellee Robert Harris. Appellee then adopted the child. On August 6, 1981, the Harrises were divorced in Missouri. The decree awarded child custody to the mother and ordered appellee to pay $128.00 per month child support beginning September 1, 1981, and to con-

tinue until the child reached majority. The child reached majority on November 26, 1988. In the meantime, appellee moved to Crittenden County and, at least in part, failed to pay the child support. The Missouri Department of Social Services referred the matter to appellant Arkansas Department of Human Services, and on March 19, 1993, in Crittenden County, appellant Department of Human Services filed this action for past due child support. The chancellor ruled that the applicable statute of limitations barred claims for arrearage that accrued more than five years before the complaint was filed and found that appellee Harris owed $1,152.00 Appellant Department appeals. We affirm the ruling.

On appeal, appellant Department of Human Services contends that the statute of limitations barred claims for arrearage that accrued more than five years from the effective date of Act 870 of 1991, or March 29, 1986, rather than the five years before the complaint was filed, or March 19, 1989. Act 870 of 1991, now codified as Ark. Code Ann. § 9-14-236 (Repl. 1993), expanded the limitations period for child support actions.

We do not reach the issue. Appellant's abstract does not contain a summary of the petition or complaint; nor does it contain a synopsis of the proof, if any; nor does it contain a condensation of arguments made below, if any; nor does it contain a summary of briefs submitted to the chancellor, if any. In short, appellant's abstract does not reflect that it made the argument to the chancellor that it now makes on appeal.

■■ We only reverse a trial court for some prejudicial error committed, or not corrected, by the trial court, with some exceptions not applicable to this case. *Silvey Cos.* v. *Riley*, 318 Ark. 788, 888 S.W.2d 636 (1994). It is incumbent upon appellant to file an abstract that reflects that an issue was raised in the trial court, and the trial court either erred or refused to correct an error. We will not reach an issue where the abstract does not show that it was raised in the trial court. *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992).

Affirmed.

GLAZE, J., concurs and BROWN, J., dissents.

TOM GLAZE, Justice, concurring. Even if the trial court

reached the merits, the trial court's decision should clearly be affirmed. My reasons for saying so follow.

First, I should say that the majority correctly sets out the facts of this case, and I need not reiterate them here. Suffice it to say, appellee Robert Harris, as a resident of Missouri, had been in arrears in payment of his child support when he moved to Crittenden County. The Missouri Department of Social Services subsequently sought payment of Harris's past due support by referring the matter to appellant Arkansas Department of Human Services (DHS), which filed this action on March 19, 1993. The chancellor ruled that the applicable statute of limitations barred claims for arrearage that accrued more than five years before the complaint was filed and found that Harris owed only $1,152. DHS appeals arguing the chancellor utilized the wrong limitations date when determining the amount of arrears.

DHS contends on appeal that the statute of limitations barred claims for child support arrearage that accrued more than five years from March 29, 1986, which is five years prior to the effective date of Act 870 of 1991, codified as Ark. Code Ann. § 9-14-236 (Repl. 1993). As previously mentioned, the trial court held the five year limitations period commenced on March 19, 1989, which was five years before the complaint was filed. DHS fails to cite any case authority for its argument that any child support arrearage action should begin from any time other than when the complaint for arrearage is filed.

I first mention Ark. Code Ann. § 16-56-115 (1987) which is another limitations statute applicable to the facts here.[1] That provision in relevant part provides, "All actions . . . *shall be commenced* within five (5) years after the cause of action has accrued." (emphasis added). In addition, subsection (b) of § 9-14-236, a part of Act 870 of 1991, provides:

> In any action involving the support of any minor child or children, the moving party shall be entitled to recover the full amount of accrued child support arrearages from the date of the initial support order *until the filing of the action.*

---

[1]Section 16-56-115 is applicable to those support payments due prior to the enactment of § 9-14-236.

(emphasis added). In sum, there is no language in § 16-56-115 or the 1991 act, § 9-14-236, to indicate that the General Assembly intended for this court to construe the beginning operative date for the 1991 act in any manner other than the date the action was commenced.

Moreover, DHS has cited no case in which this court or the court of appeals has used any operative date other than the commencement of the action. This court has handed down many opinions over a long period that involve different statutes of limitations, and each of the opinions holds that the issue is whether the action was *commenced* within the time allowed by the applicable statute of limitations. Among the recent holdings are: *Johnson* v. *Gilliand*, 320 Ark. 1, 896 S.W.2d 856 (1995); *Norris* v. *Banker*, 320 Ark. 629, 899 S.W.2d 70 (1995); *Ernest F. Loewer, Jr. Farms, Inc.* v. *National Bank of Arkansas*, 316 Ark. 54, 870 S.W.2d 726 (1994); *Forrest City Machine Works* v. *Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993); *Pope County* v. *Friday, Eldredge & Clark*, 313 Ark. 83, 852 S.W.2d 114 (1993); *Smith* v. *Elder*, 312 Ark. 384, 849 S.W.2d 513 (1993); *Wilson* v. *General Elec. Capital Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992); *First Pyramid Life Ins. Co.* v. *Stolz*, 311 Ark. 313, 843 S.W.2d 842, *cert. denied*, 114 S.Ct. 290 (1992); *Goldsby* v. *Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992); and *Smackover State Bank* v. *Oswalt*, 307 Ark. 432, 821 S.W.2d 757 (1991).

The issue on appeal in this case, the operative date for the period of limitations in back child support cases, has been the subject of three recent decisions by this court. They involved Act 525 of 1989, now codified as Ark. Code Ann. § 16-56-129 (Supp. 1993), which established a ten-year limitation on child support, and Act 870 of 1991, now codified as Ark. Code Ann. § 9-14-236 (Repl. 1993), which established an expanded limitations period for commencing child support actions beyond the date that the child reaches age eighteen and sets no limit on the arrearage period. In the first of the three cases, *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990), our court applied the statute of limitations beginning with the date the child support action was commenced. This case was decided before the act now at issue, Act 870 of 1991, was enacted. The second case, *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992), was decided after Act 870 of 1991 became law, and we held that the operative date was the

date the action was commenced. We affirmed both cases in the third case, *Chunn* v. *D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993).

A basic rule in construing a statute is to give consistent and uniform interpretations to a statute so that it does not mean one thing at one time and something else at another time. In applying this principle, we have written that when a statute has been construed, and that construction has been consistently followed for many years, such construction ought not be changed. *Southwest Ark. Communications, Inc.* v. *Arrington*, 296 Ark. 141, 753 S.W.2d 267 (1988). In a similar vein, we have said that as time passes, the interpretation given a statute becomes a part of the statute itself. *Gibson* v. *Gibson*, 264 Ark. 418, 572 S.W.2d 146 (1978). That reasoning applies to the operative date for the statute of limitations.

In addition, our court has often held that the General Assembly is presumed to have enacted a law with full knowledge of court decisions on the subject, and enacted the law with reference to those decisions. *See, e.g., Smith* v. *Ridgeview Baptist Church, Inc.*, 257 Ark. 139, 514 S.W.2d 717 (1974); *J. L. McEntire & Sons, Inc.* v. *Hart Cotton Co., Inc.*, 256 Ark. 937, 511 S.W.2d 179 (1974); *Brown* v. *Davis*, 226 Ark. 843, 294 S.W.2d 481 (1956); *Terral* v. *Terral*, 212 Ark. 221, 205 S.W.2d 198, 1 A.L.R.2d 1092 (1947); *Texarkana Special Sch. Dist.* v. *Consolidated Sch. Dist. No. 2*, 185 Ark. 213, 46 S.W.2d 631 (1932). That presumption is applicable here.

For all of the above reasons, our court should continue to construe the applicable statutes to mean that the operative date for the limitations period is the date the action is commenced. The chancellor correctly used the date of the commencement of the action as the operative date for the statute of limitations, and should be affirmed for that reason.

ROBERT L. BROWN, Justice, dissenting. This is the second time we have had this issue before the court. *See Arkansas Office of Child Support* v. *House*, 320 Ark. 423, 897 S.W.2d 565 (1995). In *House*, we did not address the issue because it had not been precisely raised before the chancery court. Now the Arkansas Court of Appeals has certified the same issue to us for resolution. I would decide this case on the merits.

With regard to a dismissal for failure to abstract material portions of the record under Ark. Sup. Ct. R. 4-2(a)(6), there is enough in the abstract to decide the issue. The abstract contains:

- The Missouri divorce decree stating the required child support of $128 per month for Michael Harris.

- Missouri certificate for the divorce decree filed in Arkansas on March 19, 1993.

- Answer by Robert Harris admitting the matter was filed on March 19, 1993, with summons, notice of hearing and other Missouri documents. He also raised as affirmative defenses the fact that the support obligation had ceased owing to the son's attaining the age of majority and the statute of limitations.

- Order of the court finding (a) the five-year statute of limitations bars all child support accruing five years prior to March 19, 1993, and (b) the minor child reached his majority on November 26, 1988. The court awarded Human Services $1,152 for child support arrearages accruing from March 1988 (5 years back from the filing of the notice of hearing) through November 1988 (the age of majority).

The issue on appeal is whether the chancellor used the correct statute of limitations. I conclude that the essential facts are before us for purposes of addressing that issue.

Twice in the past six years, the General Assembly has sought to expand the time period for collecting arrearages for child support. *See* Act 525 of 1989, now codified at Ark. Code Ann. § 16-56-129 (Supp. 1993) (established a ten-year limitation on the arrearage period for child support); Act 870 of 1991, now codified at Ark. Code Ann. § 9-14-236 (Repl. 1993) (established an expanded limitations period for commencing child support actions beyond the date that the child reaches age 18 and set no limit on the arrearage period).

In *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990), we interpreted Act 525 of 1989 and stated that prior to 1989 the statute of limitations for child support arrearages was five years under the general limitations statute, Ark. Code Ann. § 16-56-

115 (1987). In interpreting Act 525 of 1989 with its 10-year limitation period for arrearages, we held (1) that the Act was prospective only, and (2) that the Act did not repeal the existing five-year statute of limitations.

Following the enactment of Act 870 of 1991 with its expanded statute of limitations and arrearage period, we decided *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992). In *Johnson*, we held that the General Assembly could not revive a cause of action that had already been barred under an existing limitations statute at the time the new act became effective. Thus, under the previous five-year limitations statute, collectible support was restricted to five years. We reiterated the *Johnson* holding in *Chunn* v. *D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993).

The case before us is one of first impression for this court, and it involves two policy considerations. A new, expanded statute of limitations became effective with the enactment of Act 870 of 1991, which included a specific provision for retroactive application. This court, however, has made it abundantly clear that a new statute of limitations cannot revive a barred cause of action. Both parties agree in the instant case that the action was timely filed under the time period allowed by Act 870. They further agree that a five-year statute·of limitations applied to those arrearages which had accrued prior to the effective date of Act 870. The issue then is what arrearages were barred under the previous limitations statute and, thus, are not collectible under Act 870.

The previous five-year statute of limitations applied up to the effective date of Act 870 which was March 29, 1991. A cause of action commenced as of that date under the prior limitations statute would have allowed recovery for arrearages back to March 29, 1986 — five years prior to the filing of the action. Accordingly, on the date Act 870 became effective, accrued arrearages during that time period (March 29, 1986, to March 29, 1991) would not have been barred under the existing statute of limitations. Hence, the retroactive application of Act 870 permits an action for arrearages for that time period because at the time Act 870 came into effect the action had not yet been barred by the five-year statute of limitations. All arrearages accrued prior to that five-year period were barred and could not be revived under Act 870. The chancellor, accordingly, should have calculated the past

472

due child support from March 29, 1986, to November 26, 1988. That would have increased the award of child support from $1,152 to $4,224.

I respectfully dissent.