STATE of Arkansas, Office of Child Support Enforcement *v.*
Terrance D. ROSS

97-205                                                945 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered June 9, 1997

*Gordon, Caruth & Virden,* by: *Bart Virden,* for appellant.

No response.

DAVID NEWBERN, Justice. In October 1992, the appellee,
Terrance Ross, was ordered to pay $100 per month in child sup-
port for his two minor children. Thereafter, Mr. Ross became
consistently delinquent in satisfying the obligation. Consequently,
in proceedings occurring from 1994 through 1996, the Office of
Child Support Enforcement ("OCSE"), the appellant, obtained

judgments on the accrued arrearages, and Mr. Ross was repeatedly held in contempt. Ultimately, Mr. Ross's driver's license was suspended, in accordance with Ark. Code Ann. § 9-14-239 (Supp. 1995), as the result of his child-support delinquency.

In the most recent hearing with respect to the child-support obligation, the Chancellor ordered the child-support obligation suspended pending reinstatement of Mr. Ross's driver's license. OCSE appeals from that order. We affirm because the arguments made in favor of reversal were not made to the Chancellor.

During the hearing, Mr. Ross testified that he had lost his job on account of the suspension of his driver's license. He indicated that he recently had found a different job but that he was only working 20 hours per week. At the conclusion of the hearing, the following colloquy occurred between the Chancellor and counsel for the OCSE:

[CHANCELLOR]: . . . The court finds that Mr. Ross is not willfully delinquent in support. That as a result of the suspension of his driver's license his job was lost and the child support is hereby suspended until his driver's license is restored.

[COUNSEL]: Your Honor, I believe the driver's license was suspended because of the child support if I'm not mistaken.

[CHANCELLOR]: That's right.

[COUNSEL]: Okay. Is—is he under some affirmative duty to—

[CHANCELLOR]: Sir?

[COUNSEL]: Will he be under some affirmative duty to get [the] license back?

[CHANCELLOR]: Maybe the Child Support Division can get [it] back for him.

[COUNSEL]: Okay. I believe he's working 20 hours a week, but we're still—

[CHANCELLOR]: Well, that's not enough to sustain him—himself.

[COUNSEL]: I'll get an order prepared to that effect, Your Honor.

[CHANCELLOR]: All right. Thank you, sir. . . . .

According to Ark. Code Ann. § 9-14-239(b)(1)(A)(i) (Supp. 1995), OCSE must notify the Department of Finance and Administration ("DF&A") to suspend the driver's license of a noncustodial parent if OCSE determines (1) that the parent "is delinquent on a court-ordered child support payment or an adjudicated arrearage in an amount equal to six (6) months' obligation or more"; and (2) that the parent has failed to "execute[ ] an installment agreement or make[ ] other necessary and proper arrangements" for the payment of child support. The DF&A must "immediately suspend the license . . . of the noncustodial parent" upon receipt of such notification, § 9-14-239(d)(1), and the suspension must remain in effect until the OCSE notifies the DF&A to release the suspension. § 9-14-239(d)(2). *See Survey of Legislation, 1995 Arkansas General Assembly*, 18 U.A.L.R. L.J. 279, 349 (1996).

OCSE argues that the Chancellor's ruling suspending Mr. Ross's child-support obligation constitutes an erroneous decision "not to enforce the statute" imposing the license-suspension penalty. According to OCSE, the Chancellor's ruling should be reversed because it fails "to recognize and enforce [OCSE's] statutory authority to suspend [Mr. Ross's] driver's license" and because it "coerc[es] the state [not to] avail itself of its lawful right granted by A.C.A. 9-14-239 to suspend driving privileges of an individual who refuses to support [his] child in defiance of court orders."

We decline to address the merits of these arguments because, as the colloquy quoted above reveals, counsel for the OCSE did not raise them before the Chancellor. As we said in *Arkansas Office of Child Support Enforcement v. House,* 320 Ark. 423, 424, 897 S.W.2d 565, 566 (1995):

> [t]he rule is well-established that this court will not reverse on an issue not presented to the trial court. *Hubbard v. Shores Group, Inc.,* 313 Ark. 498, 855 S.W.2d 924 (1993). We have also said that we will not consider arguments raised for the first time on appeal or where a ruling from the trial court has not been obtained. *Mobley v. Harmon,* 313 Ark. 361, 854 S.W.2d 348 (1993).

Here, counsel for the OCSE made no argument in the trial court opposing the Chancellor's decision to excuse Mr. Ross from paying child support while he is without a driver's license. The Chancellor was not given the opportunity to consider these arguments. Thus, we affirm the Chancellor's decision. *See Betts v. Betts,* 326 Ark. 544, 546, 932 S.W.2d 336, 337 (1996)("A nonjurisdictional argument cannot be raised for the first time on appeal.").

Affirmed.